CHING v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. November 6, 1902.)

No. 429.

1. CONSPIRACY—SUFFICIENCY OF INDICTMENT.

An indictment for conspiracy to commit an offense against the United States, under Rev. St. § 5440 [U. S. Comp. St. 1901, p. 3676], need not describe the offense which was committed or intended to be committed, as the result of the conspiracy, as fully as would be required in an indictment in which it was the substantive crime charged.

2. CENSUS—FALSE RETURNS—SUPPLEMENTAL RETURNS.

Act March 3, 1899 [U. S. Comp. St. 1901, p. 1346], providing for the twelfth census, authorized a supervisor, acting on advice that names had been erroneously omitted by an enumerator from his schedules, to return such schedules for correction after the expiration of the 30 days prescribed for making the enumeration; and, in making such corrections or any additions to his schedules after their return, the enumerator acted in his official capacity, and subject to the penalties prescribed by section 21 of the act for making false returns.

3. CRIMINAL LAW—INSTRUCTIONS—STATING OPINION AS TO WEIGHT OF EVIDENCE.

The action of a judge, in a trial for conspiracy, in expressing an opinion to the jury as to the weight of the evidence, and in intimating what the verdict should be, was not error, where he subsequently charged them that it was not his province to say whether certain evidence was sufficient to prove conspiracy, but that "it always remains finally for the jury to determine whether, by testimony of witnesses, or letters or circumstances, they are satisfied that the combination or conspiracy charged existed."

In Error to the District Court of the United States for the District of Maryland.

Wm. L. Marbury and Adrian Posey, for plaintiff in error.

Morris A. Soper, Asst. U. S. Atty. (John C. Rose, U. S. Atty., on the brief).

¶ 3. See Criminal Law, vol. 14, Cent. Dig. § 1995.

Before GOFF and SIMONTON, Circuit Judges, and BRAW-LEY, District Judge.

GOFF, Circuit Judge. The plaintiff in error was indicted, under the provisions of section 5440 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 3676], charged with conspiring to commit an offense against the United States, with Charles H. Guy-. ther and others, who prior to the alleged conspiracy had been census enumerators, appointed as such by virtue of the act of congress approved March 3, 1899, providing for the twelfth census of the United States. The specific offense charged was the making of a fictitious census return, in violation of section 21 of said act, which reads as follows:

"That any supervisor, supervisor's clerk, enumerator, interpreter, special agent or other employé, who, having taken and subscribed the oath of office required by this act, shall, without justifiable cause, neglect or refuse to perform the duties enjoined on him by this act, or shall, without the authority of the director of the census, communicate to any person not authorized to receive the same any information gained by him in the performance of his duties, shall be deemed guilty of a misdemeanor, and upon conviction shall be fined not exceeding five hundred dollars; or if he shall wilfully and knowingly. swear or affirm falsely, he shall be deemed guilty of perjury, and upon conviction thereof shall be imprisoned not exceeding three years and be fined not exceeding eight hundred dollars; or if he shall wilfully and knowingly make a false certificate or a fictitious return, he shall be guilty of a misdemeanor, and, upon conviction of either of the last named offences he shall be fined not exceeding five thousand dollars and be imprisoned not exceeding two years." 30 Stat. 1020, c. 419 [U. S. Comp. St. 1901, p. 1346].

The indictment contained a number of counts, the first of which was abandoned by the prosecution; and the plaintiff in error, together with the others who were tried with him, was acquitted of all the other counts, except the fourth, so that only that count is involved in his writ of error. In such fourth count the plaintiff in error is charged with having conspired with said Charles H. Guyther to have him as enumerator make a fictitious return; and it is alleged that, in furtherance of the same, he (said enumerator) entered upon certain schedules which had been furnished him by the supervisor of the census the names of various persons as being residents of his enumeration district on the 1st day of June, 1900, when such persons were not such residents at that time, which was then and there well known to him, which said willful acts on his part were in violation of the statute mentioned. The plaintiff in error demurred to the indictment, assigning as reason therefor that it failed to state that at the time of entering into the alleged conspiracy, and at the time of doing the alleged unlawful acts in pursuance thereof, the enumerator, Guyther, was still holding such official position under his commission of employment. The demurrer was overruled, the defendants then pleaded not guilty, except Guyther, who entered a plea of guilty. A trial was had, and the plaintiff in error was convicted. The court below, in passing judgment on such finding of the jury, sentenced the plaintiff in error to pay a fine of $1,000, and to be imprisoned in the Baltimore city jail for the period of two years.

The assignments of error are numerous, but the disposition of a

few will, in effect, dispose of all of them. They relate—First, to the sufficiency of the indictment; second, as to whether the defendant Guyther, with whom the plaintiff in error was charged with conspiring, was at the time of the alleged conspiracy, as well as at the time of the doing of the overt act relating thereto, still an enumerator, under the provisions of the census act, or whether he had ceased to be such, and was therefore incapable of committing the alleged crime; third, as to the charge of the judge to the jury on the day following that on which the case was submitted to their consideration.

As to the sufficiency of the indictment, it must be first noted that the gist of the offense charged is that of conspiracy, which we think is properly pleaded. In such cases the offense which is intended to be committed as the result of the conspiracy need not be described as fully as would be required in an indictment in which such matter was charged as a substantive crime. This indictment alleges that, prior to the commission of the crime charged, the defendant Guyther had been duly commissioned as an enumerator, and that he had regularly taken the oath of office. It also charges that the purpose of the conspiracy between the defendants was to have Guyther, as such enumerator, forward fictitious returns relating to the residents of his district to the census bureau. We think it clearly appears from the indictment itself that the defendants were fully advised of the nature of the offense charged, and of the means by which it was to be effected. Keeping in view the allegations that Guyther had been regularly appointed and qualified as an enumerator before the conspiracy was entered into, and that the purpose of such conspiracy was to have him, as such enumerator, make certain fictitious returns, which are fully set forth, we are of the opinion that all of the defendants were fully advised of the charge which they had to meet, and that it sufficiently appears that Guyther was an enumerator at the time the conspiracy is charged to have been entered into.

Other objections to the indictment have even less of merit than those we have referred to, and were properly overruled. The indictment was well drawn, and the court below did not err in its disposition of the demurrer thereto.

The plaintiff in error insists that there was error in refusing to grant the instructions to the jury as prayed for by him during the trial in the court below,—especially those relating to the contention that at the time of the alleged unlawful agreement to forward the fictitious return to the supervisor, as well as at the time the fictitious entries were made upon the census schedule by Guyther, he was no longer an enumerator, and hence incapable of violating the census act by making a fictitious return as such official, and that therefore the conspiracy alleged was not in violation of any law of the United States. Such instructions were based upon the following facts: That the time prescribed by the census act for making the enumeration required was the 30 days from June 1st to June 30th, inclusive, which period had elapsed before the conspiracy was formed; that the evidence given to the jury disclosed that Guyther had completed his enumeration before the conspiracy was formed, had for-

warded his schedules to the supervisor, and had sent in his bill for such services, together with his certificate that he had finished his enumeration; that an examination of the schedules so returned demonstrated that the enumeration shown by them was practically correct, and that no discrepancies or deficiencies appeared on the face of such schedules; that the commission to said Guyther as such enumerator terminated his appointment on the completion of the duty for which he was designated. The claim now is that such facts' made it the duty of the court below to hold that Guyther's duties as enumerator having been completed, and his term of office ended, the supervisor had no lawful right to send him additional schedules, with instructions to again go over his district for the purpose of placing thereon the names of residents said to have been left off of the first enumeration, and that Guyther could not thereafter make entries or forward schedules as enumerator. This involves the proper construction of the entire census act,—not only of the sections authorizing the appointment of enumerators and defining their duties, but, as well, those describing the work to be performed by the supervisors, the director, and other officials, and showing the object desired and the purposes intended to be accomplished by said legislation. An analytical discussion of said act is not necessary to the decision of this case, other than to say that we think it fully authorized the supervisor, if he had reliable information tending to show that omissions had been made of the names of bona fide residents from the schedules returned by Guyther, to treat the same as the inaccuracies contemplated by the statute, and that therefore it was his duty to return such schedules for correction, even after the expiration of the 30 days in which it was expected that the work would have been accomplished. The court below evidently took this view of the census act, and in that conclusion we concur.

The only remaining error assigned is that relating to the second charge given by the court to the jury. The words complained of are the following:

"Gentlemen of the Jury: It is a matter of great surprise to me that you should have difficulty in arriving at a verdict. The facts do not rest upon the testimony of single witnesses, as to whose credibility you might have doubts. There have been produced so many witnesses to establish the material facts in the case, and undisputed letters and hundreds of witnesses, that it is surprising to me to find that you are perplexed as to the weight of the testimony. You have taken an oath as jurors to find your verdict according to the evidence, and it will be a dereliction from your duty to allow any political bias or prejudice to turn your minds from the evidence to the consideration of outside personal preferences. You should candidly and fairly give the same weight to the evidence as you would if this was a case of alleged combination to defraud an individual citizen, and not allow political or personal affiliations to sway you in the least. All men should stand equal before the law, and should not be either favored or oppressed by mere whims of jurors. If this were a case where I thought the testimony was difficult to reconcile, and there were disturbing conflicts among the witnesses, I might accept your statement that you had exhausted all effort to agree. But I do not think so. This is an important case, which has been very thoroughly presented to you; and I feel satisfied that if you consider all the testimony candidly and fairly, and take all the facts and circumstances into consideration impartially, you can come to an agreement. I must therefore refuse to discharge you."

It appears from the record that, after the judge had so charged, the jury retired for consultation, and, having remained in their room for about two hours, sent to the court the following communication, signed by its foreman:

"Are we to infer from your remarks made to the jury this morning that the letters referred to by you were the ones written by Ching to Guyther, through Bean, advising him to beware of the census enumerators? And were these letters sufficient to prove conspiracy?"

To which the judge presiding replied as follows:

"To the Jury: I did not refer to the above-mentioned letters alone, but to all the letters which had any tendency to throw light upon the acts and motives of the parties charged. I cannot say to you whether the above-mentioned letters are sufficient to prove the conspiracy. That would be going beyond my province as judge. It always remains finally for the jury to determine, whether by testimony of witnesses, or letters or circumstances, they are satisfied that the combination or conspiracy charged existed."

The plaintiff in error contends that the trial judge erred, in that, at the time he gave said charge, he did not accompany it with a reminder to the jury that it was their ultimate right to be the judges of the facts, and of the sufficiency of the evidence to convict, regardless of the views expressed by him. The judge had, in his charge to the jury before they first retired to consider the case, fully instructed them as to the presumption of innocence, also telling them that, if they could reconcile the evidence with any reasonable hypothesis consistent with innocence, it was their duty to do so, and that the finding of facts and the weight to be given to the testimony were solely for the jury, who were to exercise their prerogative of determining the weight of the evidence for themselves, and not to be governed by any intimations from the court as to such weight, but that they were to be governed by the court's instructions only as to the law. There can be no question of the right of the learned judge who conducted the trial in the court below to have expressed his opinion to the jury as to the weight and effect of the evidence, and it is equally as clear that it was his duty to have clearly informed the jury that they were the sole judges of all questions of fact. Naturally, an expression of opinion from the judge will have great weight with a jury, will often influence their deliberations, and not infrequently will change the opinions of individual jurors. Hence the necessity for the rule that requires the judge, when expressing an opinion, to also inform the jury that they are nevertheless the sole and final judges of the facts, independently of the views of the court. An opinion from the intelligent and impartial judge who presided below, as to the weight of the evidence in any case, would most undoubtedly control the judgment of a juror in doubt, and, were he under the impression that the views of the court should prevail, might result in the rendition of a verdict otherwise not possible, and in some instances unjust. This matter is most happily expressed in the opinion of the supreme court, rendered by the chief justice, in Starr v. U. S., 153 U. S. 614, 14 Sup. Ct. 919, 38 L. Ed. 841, as follows:

"As the jurors are the triors of facts, expressions of opinion by the court should be so guarded as to leave the jury free in the exercise of their own judgments. They should be made distinctly to understand that the instruc-

tion is not given as to a point of law by which they are to be governed, but as a mere opinion as to the facts, to which they should give no more weight than it was entitled to. * * * It is obvious that under any system of jury trials the influence of the trial judge on the jury is necessarily and properly of great weight, and that his lightest word or intimation is received with deference, and may prove controlling."

It is established by a long line of decisions that an expression of opinion by the court upon the facts is not reviewable on error, if no rule of law is incorrectly stated, and all matters of fact are ultimately submitted to the determination of the jury. It may be admitted that the court below not only expressed an opinion as to the weight of the evidence, but that he also intimated what the verdict should be; and still he was even then not in error, if he ultimately submitted to the finding of the jury all questions of fact involved in the trial. From the decisions of the supreme court relating to this matter, we have stated the rule established, almost as it is claimed to be by the plaintiff in error; and still, from the record before us, our judgment must be against him, for we find that the judge, some hours before the verdict was rendered, told the jury that:

"I cannot say to you whether the above-mentioned letters are sufficient to prove the conspiracy. That would be going beyond my province as judge. It always remains finally for the jury to determine whether, by testimony of witnesses, or letters or circumstances, they are satisfied that the combination or conspiracy charged existed."

In the absence of this statement, there would have been error. With it before the jury, they were fully advised that they ultimately were the final judges of the weight of the testimony, and of all the facts that had been presented for their consideration.

In the case of Simmons v. U. S., 142 U. S. 149, 12 Sup. Ct. 171, 35 L. Ed. 968, the jury had reported to the court their inability to agree, and had asked to be discharged; but the judge there, as here, in the court below, refused to grant their request, remarking to them as he returned them to their room that he "regarded the testimony as convincing." This was afterwards, on the rendition of a verdict of guilty, assigned as error, but the supreme court held that it was proper, as he had told them that the facts were to be decided by them, and not by the court.

We find no error, and so the judgment complained of is affirmed.