## HOCKETT et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 17, 1920. Rehearing Denied July 6, 1920.)

No. 3388.

1. **Criminal law ☞1090 (8, 14)—Instructions and rulings on evidence not reviewable without bill of exceptions.**

On writ of error to a judgment of conviction, instructions and rulings on admission of evidence are not reviewable, where the record consists of the judgment roll alone without a bill of exceptions.

2. **Conspiracy ☞43 (6)—Indictment need not allege object more specifically than for substantive offense.**

An indictment for conspiracy to transport intoxicating liquor to a state for use contrary to law need not state the offense which is the object of the conspiracy more specifically than would be required in an indictment charging it as a substantive offense.

3. **Indictment and information ☞111 (1)—Indictment for conspiracy to transport liquor into state need not negative exceptions.**

An indictment for transporting intoxicating liquor into a state need not negative the exceptions in the statute of liquor intended for scientific, sacramental, medicinal, and mechanical purposes, and therefore an indictment for conspiracy to commit that offense need not negative the exceptions.

4. **Conspiracy ☞43 (6)—Allegation that transportation of liquor was unlawful and felonious is sufficient.**

In an indictment for conspiracy to violate the Reed Amendment (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 8739a, 10387a–10387c), a charge that the purpose of defendants was to wrongfully, unlawfully, and feloniously transport the liquor is sufficient to import an unlawful motive.

5. **Conspiracy ☞43 (6)—Indictment for conspiracy to transport liquor into state need not allege the place of origin.**

An indictment for conspiracy to transport intoxicating liquors into a dry state need not allege the place from which the liquors were to have been transported, since that need not have been agreed upon, but the purpose may have been to transport them into the state from any place where they could be procured.

In Error to the District Court of the United States for the District of Arizona; William H. Sawtelle, Judge.

Bart E. Hockett and others were convicted of conspiracy to violate the Reed Amendment, and they bring error. Affirmed.

Harry C. Miller, of El Paso, Tex., A. A. Worsley, of Tucson, Ariz., and Thomas Ball, of Los Angeles, Cal., for plaintiffs in error.

Thomas A. Flynn, U. S. Atty., of Phœnix, Ariz.

Before GILBERT and HUNT, Circuit Judges, and VAN FLEET, District Judge.

VAN FLEET, District Judge. The plaintiffs in error, who, as in the court below, may be designated as defendants, were, jointly with others, indicted under section 37, P. C. (Comp. St. § 10201), for a conspiracy to violate the act known as the Reed Amendment (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 8739a, 10387a–10387c). De-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

fendants were convicted and sentenced to imprisonment, and seek a review of the judgment.

[1] Besides a challenge to the sufficiency of the indictment, raised by a demurrer, which was overruled, defendants urge upon our attention several assignments of error in the instructions of the court and rulings on evidence; but the sole question open to our review is that involving the sufficiency of the indictment, since the record brought up under the writ consists of the judgment roll alone, without a bill of exceptions, and there is, consequently, no basis upon which to determine whether there was error in any other ruling complained of.

The material part of the indictment is that these defendants, with the others named therein, on the 15th day of January, 1918, "did wrongfully and feloniously conspire, combine and confederate together, and with divers other persons to the grand jurors unknown, to commit an offense against the United States; that is to say, to wrongfully, unlawfully, and feloniously transport, and cause to be transported, in interstate commerce, intoxicating liquors, to wit, 500 cases of whisky to and into the state of Arizona, which said state of Arizona was then and there a state the laws of which prohibited the manufacture or sale therein of intoxicating liquors for beverage purposes; and in furtherance of said conspiracy, combination and confederation, and to effect the object of said conspiracy, the said Harry C. Wilson, on the 8th day of October, 1918, did drive a certain automobile loaded with intoxicating liquors, to wit, whisky, wine, and other intoxicating liquors, the exact kind and character being to the grand jurors unknown and the exact amount and quantity being to the grand jurors unknown, to a certain house in Pirtleville, Arizona;" and overt acts of similar character are alleged to have been committed by other of the defendants.

The objections to the sufficiency of the indictment are that it fails to charge an offense against the United States in two respects: (a) That it "does not show that the alleged transportation of intoxicating liquors to the state of Arizona was had for a purpose prohibited by the laws" of that state; and (b) that it "omits to sufficiently describe the offense sought to be charged, in failing to allege the place from which said intoxicating liquors were transported to the State of Arizona."

[2] 1. In support of the first objection it is urged, in substance, that the act in question does not make it an offense to transport intoxicating liquors in interstate commerce into a "dry" state for any and all purposes, but excepts from its operation shipments of such liquor intended for "scientific, sacramental, medicinal and mechanical purposes," and that the law of Arizona does not forbid the use of such liquors for such excepted purposes; that therefore, in order to make out a conspiracy to commit an act constituting an offense against the United States the indictment should allege that the intent was to ship the liquors in question for some purpose not within these exceptions.

In answer to this objection it is to be observed that we are dealing with an indictment charging a conspiracy to commit the offense, and not with a charge of the substantive offense denounced in the statute. If, therefore, the designation of the offense alleged to be the object

of the conspiracy would be sufficient as a charge of the substantive offense, no reason is suggested, nor is any perceived, why a different or more specific statement should be required in describing it as the object of the conspiracy. In other words, if in an indictment charging a direct violation of the Reed Amendment it would not be required to negative the exceptions contained in the act, then clearly no such allegation is required here.

[3] That the description of the offense in this indictment alleged as the object of the conspiracy would be sufficient in charging the substantive act is fully sustained by this court in Shelp v. United States, 81 Fed. 694, 696, 26 C. C. A. 570, and cases therein cited. That was an indictment for violating a provision of the act providing a civil government of Alaska (23 Stat. 24), which forbids "the importation, manufacture and sale of intoxicating liquors in said district, except for medicinal, mechanical and scientific purposes." It was objected that the indictment was bad for failing to allege that the act charged was not within these exceptions, but the court held that the exceptions constituted no part of the definition of the offense; that they were purely matters of defense, and need not be negatived in the indictment, but could be proven at the trial, if relied upon as a defense. See, also, United States v. Simpson (D. C.) 257 Fed. 869, where a like conclusion is reached as to the sufficiency of an indictment under the act here involved; the court holding that the exceptions found in the act afford only ground for a defense.

[4] It is said that without such allegation there is nothing in the indictment to show that the purpose of the conspiracy was unlawful. But it is alleged that the purpose of the defendants was to "wrongfully, unlawfully, and feloniously transport," etc., such intoxicating liquors. This is sufficient to import an unlawful motive; the question of its truth being a matter of proof at the trial. Pierce et al. v. United States, 252 U. S. 239, 40 Sup. Ct. 205, 64 L. Ed. —— (March 8, 1920).

[5] 2. Under the second point it is contended that the indictment does not sufficiently describe the offense, in that it "omits to designate the place from which, outside the state of Arizona, the intoxicating liquors were to have been transported into said state." But manifestly it was not essential to a complete conspiracy to violate the act that the guilty parties should have known or agreed upon the particular place from which the liquors were to be transported. Their contemplation may have been, and probably was, to secure the liquor wherever it could be had, and it could not matter where it was procured, so long as it was at some point outside the state into which it was to be carried. In Dealy v. United States, 152 U. S. 539–543, 14 Sup. Ct. 680, 682 (38 L. Ed. 545), it is held, under an indictment for conspiracy to defraud the United States of title and possession of public lands, that the conspiracy was complete, although the particular lands had not been selected by the conspirators; the court saying:

"It is enough that their purpose and their conspiracy had in view the acquiring of some of those lands, and it is not essential to the crime that in the minds of the conspirators the precise lands had already been identified."

To the same effect see Williamson v. United States, 207 U. S. 425, 28 Sup. Ct. 163, 52 L. Ed. 278; United States v. United States Brewers' Association (D. C.) 239 Fed. 163; Ching v. United States, 118 Fed. 538, 55 C. C. A. 304; United States v. Rosenwasser (D. C.) 255 Fed. 233.

We are satisfied that the indictment is sufficient, and that the judgment should be affirmed.

It is so ordered.