## UNITED STATES v. CHADWICK.

### No. 8468.

District Court, E. D. Pennsylvania.

April 18, 1940.

J. Cullen Ganey, U. S. Atty., and Edw. A. Kallick, Asst. U. S. Atty., both of Philadelphia, Pa., for plaintiff.

John J. Gain and Robert C. Duffy, both of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

Counts 1 to 7 of the information under review charge the defendant with engaging in interstate operation on the public highways as a common carrier of property by motor vehicle without a certificate of public convenience and necessity, in violation of Sections 306(a), as amended, and 322(a), of the Motor Carrier Act of 1935, as amended, 49 U.S.C.A.

Counts 8 to 14, inclusive, charge defendant with engaging in the transportation of property in interstate commerce as a common carrier by motor vehicle without having on file with the Interstate Commerce Commission the rate or charge for such transportation, in violation of Sections 317(d) and 322(a) of the Motor Carrier Act, supra.

Count 15 charges the defendant with engaging in the transportation of property in interstate commerce as a common carrier and failing and refusing to issue a receipt or bill of lading for such property, in violation of Sections 319 and 322(a) of the Motor Carrier Act, supra.

The motion to quash asserts that the information is "uncertain, vague and indefinite, etc." Additionally, counsel for the defendant advances the novel contention that even though he violated the law in operating without a certificate from Chester, Penna., to various points in the State of Delaware, he is not subject to the criminal penalty provisions of Section 322(a) because he is a certificated carrier elsewhere in the United States, and there-

fore is subject only to disciplinary action by the Interstate Commerce Commission, under Section 312(a). The latter section provides that the Commission may, upon complaint or on its own initiative, after notice and hearing, suspend, change or revoke any certificate where the holder violates its terms or the provisions of the Motor Carrier Act. Still a third contention advanced in support of the motion to quash is that Section 303(b) (6) specifically exempts from the operation of the Act motor vehicles used in carrying agricultural commodities, and that poultry feed, sauer kraut, and peas, which the information charges to have been hauled by the defendant, are agricultural commodities.

■ As to the defendant's first contention—that the information is "uncertain, vague and indefinite, and does not with sufficient particularity and accuracy set out any offense known to the law":

There is no substance to that contention. All that is required of the information is that it must charge every element of the crime in order that the accused and the court may know the exact offense intended to be charged and the record be sufficient to support an appeal of formal acquittal or conviction. Nelson F. Evans v. United States, 153 U.S. 584, 14 S.Ct. 934, 38 L.Ed. 830; Southern Ry. Co. v. United States, 5 Cir., 88 F.2d 31.

The information under review not only contains all of the elements of the offenses charged but gives dates and names of consignor and consignee; complete description of the property transported; the points between which the property was transported; and the receipt of compensation by the defendant from the consignee.

■ As to the defendant's second contention—that possession of a certificate of convenience in one part of the United States gives him complete immunity on the criminal side in operating without a certificate elsewhere in the United States:

To so hold would make a mockery of the Motor Carrier Act. A reading of the Act nowhere discloses any intention on the part of Congress to grant such immunity from criminal prosecution to the holders of certificates of public convenience. Defendant in effect would have the courts construe possession of even the most limited certificate of convenience anywhere in the United States as an immunity warrant for violation of the Motor Carrier Act elsewhere over the length and breadth of the United States—since, under the defendant's theory, the holder of a certificate, no matter how limited the area covered, could violate this Act in every section of the country and still remain free from criminal prosecution.

■ As to the defendant's third and final contention—that Section 303(b) (6) specifically exempts from the operation of the Act motor vehicles used in carrying agricultural commodities, and that poultry feed, sauer kraut, and peas, which the information charges to have been hauled by the defendant, are agricultural commodities and therefore within the exception:

Section 303(b) (6) reads as follows: "motor vehicles used in carrying property consisting of livestock, fish (including shell fish), or agricultural commodities (not including manufactured products thereof), if such motor vehicles are not used in carrying any other property, or passengers, for compensation."

First, to come within the exception, the motor vehicle must be used exclusively for the hauling of agricultural commodities; and, second, the hauled property must be an agricultural commodity.

■ The information does not disclose as to whether the defendant's motortrucks, which hauled the poultry feed, sauer kraut, and peas, were used exclusively to haul agricultural commodities, and the rule is well settled that it is not incumbent upon the government in an indictment or information to negative every exemption and exception which may be available to a defendant to avoid prosecution and conviction. Where, as in the present case, the exception is not so incorporated with the substance of the clause defining the offense as to constitute a material part of the description of the acts which make up the offense charged, it is a matter of defense and need not be pleaded in the indictment or information. See Hockett et al. v. United States, 9 Cir., 265 F. 588.

For the reasons stated, the motion to quash is denied.