**UNITED STATES v. KRINVIC BROS. et al.**

No. 9756.

District Court, E. D. Pennsylvania.

Nov. 10, 1942.

Gerald A. Gleeson, of Philadelphia, Pa., U. S. Atty., and Edward A. Kallick, of Philadelphia, Pa., Asst. U. S. Atty., for United States.

M. Randall Marston, of Philadelphia, Pa., for defendants.

KALODNER, District Judge.

Defendants seek to quash certain paragraphs of the information filed against them (the charge contained therein being to the effect that the defendants transported certain commodities in violation of the Motor Carrier Act of 1935, as amended, 49 U.S. C.A. § 301 et seq.) upon the ground that those commodities are exempt from regulation under Section 203(b) (6) of the Act, 49 U.S.C.A. § 303(b) (6). The commodities involved are, according to the information, King Crab Meal and fish scrap.

The defendants contend: (1) Fish scrap and King Crab Meal are "fish"; (2) such commodities are exempt from regulation under the Act when transported in vehicles not used for carrying any other property or passengers for compensation; and (3) the counts in the information do not charge that the vehicle used in their transportation was used for carrying any other property or passengers for compensation.

The applicable portion of the Act is Section 203(b) (6), 49 U.S.C.A. § 303(b) (6), which reads as follows:

"(b) Vehicles excepted from operation of law. Nothing in this chapter, except the provisions of section 304 relative to qualifications and maximum hours of service of employees and safety of operation or standards of equipment shall be construed to include

\* \* \* \* \*

"(6) motor vehicles used in carrying property consisting of ordinary livestock, fish (including shell fish), or agricultural commodities (not including manufactured products thereof), if such motor vehicles are not used in carrying any other property, or passengers, for compensation \* \* \*."

Section 206(a), 49 U.S.C.A. § 306(a), reads in part as follows: "Except as otherwise provided in this section and in section 310a, no common carrier by motor vehicle subject to the provisions of this chapter shall engage in any interstate or foreign operation on any public highway, or within any reservation under the exclusive jurisdiction of the United States, unless there is in force with respect to such carrier a certificate of public convenience and necessity issued by the Commission authorizing such operations: \* \* \*."

The information charges that commodities were transported as set forth therein without there being in force with respect to the defendants a certificate of public convenience and necessity issued by the Inter-

state Commerce Commission, such as is required by the Act.

We may pass over, without deciding, the contention of the defendants that fish scrap and King Crab Meal are "fish" within the meaning of the Act. The defendants argue that they are "fish", and they must so argue, for otherwise the case cannot be brought within the exemption of Section 203(b) of the Act. But even if we took the view that fish scrap and King Crab Meal are to be regarded as "fish", it does not follow that the information is defective for failure to allege or charge that the vehicle used in the transportation of those commodities was being used for carrying any other property or passengers for compensation.

It is well settled that an information which fails to include an allegation or charge negativing the exemption contained in Section 203(b) is not for that reason defective. There is no obligation on the part of the Government to allege facts showing that the defendant did not fall within the exemption of that clause.

In United States v. Chadwick, D.C., 39 F.Supp. 204, I specifically held that whether or not the transportation of the commodities falls within the exemption is a matter of defense and need not be pleaded in the information. The ruling in that case is dispositive of the defendant's contention here. I said (39 F.Supp. at page 206) : "The information does not disclose as to whether the defendant's motortrucks, which hauled the poultry feed, sauer kraut, and peas, were used exclusively to haul agricultural commodities, and the rule is well settled that it is not incumbent upon the government in an indictment or information to negative every exemption and exception which may be available to a defendant to avoid prosecution and conviction. Where, as in the present case, the exception is not so incorporated with the substance of the clause defining the offense as to constitute a material part of the description of the acts which make up the offense charged, it is a matter of defense and need not be pleaded in the indictment or information. See Hockett et al. v. United States, 9 Cir., 265 F. 588." See also United States v. Cook, 17 Wall. 168, 21 L.Ed. 538; United States v. Union Pacific Railroad Co. et al., D.C., 20 F.Supp. 665.

For the reasons stated, the motion to quash is denied.