## DAVIS et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. August 1, 1921.)

No. 3640.

Indictment and information ⊕111 (1)—Indictment need not negative exceptions in statute.

An indictment charging defendants with conspiracy to unlawfully transport, sell, etc., whisky in violation of National Prohibition Act, tit. 2, § 3, *held* not required to aver that the whisky was not to be used for nonbeverage purposes, especially in view of the express provision of section 32 that "it shall not be necessary in any * * * indictment to include any defensive negative averments."

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

Criminal prosecution by the United States against Robert Davis and O. A. Dodson. Judgment of conviction, and defendants bring error. Affirmed.

Albert Schoonover, of San Diego, Cal., for plaintiffs in error.

Robert O'Connor, U. S. Atty., and Herbert N. Ellis, Asst. U. S. Atty., both of Los Angeles, Cal., for the United States.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge., The plaintiffs in error were convicted under an indictment which charged them with conspiring to commit the offense of knowingly, willfully, and unlawfully transporting, selling, bartering, furnishing, and possessing intoxicating liquor, namely, whisky, in violation of the National Prohibition Act of October 28, 1918 (41 Stat. 305). The indictment set forth overt acts, among which it was charged that on a date named, the plaintiffs in error did knowingly, willfully, and unlawfully advise, counsel, and abet Adolpho C. Olivas to knowingly, willfully, and unlawfully transport and attempt to transport 13 five-gallon demijohns of whisky containing alcohol in excess of one-half of 1 per cent. by volume, from Calexico, Cal., to the ranch of said plaintiff in error Davis, within the state of California.

The only error assigned is that the trial court, after the conviction of the plaintiffs in error, denied their motion in arrest of judgment, and the sole question presented to this court is whether the indictment charges an offense against the United States. It is contended that it is fatally defective, in that it fails to allege that the liquor, the transportation of which was the object of the conspiracy, was not to be used for nonbeverage purposes, under the provisions of section 3 of title 2 of the act. The plaintiffs in error cite authorities to the proposition that where a statute in defining an offense "contains an exception or proviso in its enacting clause which is so incorporated with the language describing and defining the offense, that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted,

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

it must be shown that the accused is not within the exception," citing 14 R. C. L. 188. But the text-writer so quoted goes on to say:

"On the other hand, if the language of the section defining the offense is so entirely separable from the exception that the ingredients constituting the offense may be accurately and clearly defined without any reference to the exception, the pleader may safely omit any such reference, as the matter contained in the exception is matter of defense and must be shown by the accused."

We think the present case comes clearly within the rule last quoted. That portion of the language of section 3, which defines the offense which it was alleged in the indictment it was the purpose of the conspiracy to commit, is entirely separable from that portion thereof permitting the use of intoxicating liquor for nonbeverage purposes. In addition to that fact, section 3 declares that all the provisions of the act shall be liberally construed, to the end that the use of intoxicating liquor as a beverage may be prevented, and section 32 provides that it shall not be necessary in any indictment "to give the name of the purchaser or to include any defensive negative averments, but it shall be sufficient to state that the act complained of was then and there prohibited and unlawful." The case clearly comes within the rule of this court's decisions in Shelp v. United States, 81 Fed. 694, 26 C. C. A. 570, and Hockett v. United States (C. C. A.) 265 Fed. 588.

The judgment is affirmed.