### STRADA v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. June 5, 1922. Rehearing Denied August 7, 1922.)

#### No. 3825.

**1. Criminal law ☞373—Evidence of sales of liquor prior to date alleged held admissible.**

In a prosecution for maintaining a common nuisance as defined by National Prohibition Act, § 21, in that from "about" October 8, 1920, to November 8, 1920, defendant carried on a restaurant where intoxicating liquors were sold, it was not error to receive evidence of sales of wine

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

at the restaurant a few days prior to October 8th; there being continuity of wrongdoing implied in the charge.

**2. Criminal law ⟨⟩373—Testimony of sales prior to date charged admissible to establish unlawful status.**

In a prosecution under National Prohibition Act, § 21, for maintaining a common nuisance by carrying on a restaurant where intoxicating liquors were sold between certain dates, evidence of sales of liquor prior to the dates charged was admissible as tending to establish an unlawful status, not limited in duration to the precise time of the occurrences charged, but of a more or less permanent character.

**3. Criminal law ⟨⟩1170(2)—Exclusion of evidence held harmless.**

In a prosecution for maintaining a liquor nuisance, any error of the court in declining accused's offer to show that he bought a certain quantity of grape juice was not prejudicial, where he was permitted to testify that he kept and sold nothing but grape juice.

**4. Intoxicating liquors ⟨⟩216, 223(3)—Unnecessary to allege or prove alcoholic content of wine and whisky.**

In a prosecution for the sale of wine and whisky, it is unnecessary either to allege or prove the alcoholic content or fitness for use as a beverage, as wine and whisky are prohibited by National Prohibition Act, tit. 2, § 1, defining "intoxicating liquors."

**5. Criminal law ⟨⟩459—Persons other than experts may identity wine and whisky.**

If from use or by any other means a person knows what whisky or wine is, he may be a competent witness to testify that liquor purchased by him is such; a scientific expert not being required.

In Error to the District Court of the United States for the Southern District of California; Benjamin F. Bledsoe, Judge.

Louis Strada was convicted of maintaining a common nuisance, under the National Prohibition Act, and brings error. Affirmed.

A. L. Wissburg, of San Diego, Cal. (O'Keefe & Van Winkle, of San Diego, Cal., of counsel), for plaintiff in error.

Joseph Burke, U. S. Atty., and Herbert N. Ellis, Asst. U. S. Atty., both of Los Angeles, Cal.

Before MORROW and HUNT, Circuit Judges, and DIETRICH, District Judge.

DIETRICH, District Judge. Plaintiff in error was convicted of maintaining a common nuisance, as defined by section 21 of the National Prohibition Act (41 Stat. 314), in that from about October 8, 1920, to November 8, 1920, as was charged, he carried on the Flora D'Italia restaurant, in San Diego, California, "where intoxicating liquors, to wit, wine and whisky, containing alcohol in excess of one-half of 1 per cent. by volume," were kept and sold, in violation of the act.

[1, 2] It was not error to receive evidence of sales of wine at the restaurant a few days prior to October 8th. It will be noted that the charge is from "*about*" October 8th; but, aside from that consideration, the testimony complained of tends to establish an unlawful status, not limited in duration to the precise time of the occurrences related, but of a more or less permanent character. The continuity of wrongdoing implied in the charge of maintaining a nuisance may suf-

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ficiently appear from the nature and circumstances of a single transaction. Lewinsohn v. United States (C. C. A.) 278 Fed. 421, 425. So here, from the sales made by the defendant in person on September 30th, and those made the following day by an employé, and others made within the period charged, there is a natural inference of "keeping" and "selling" continuously before and throughout the entire period, all within the defendant's general knowledge and with his approval and participation.

[3] The assignment that the court declined defendant's offer to show that he bought a certain quantity of grape juice does not appear to be supported by the bill of exceptions; but, however that may be, clearly there was no prejudice, for he was permitted to testify that he kept and sold nothing but grape juice. The proffered testimony could have added nothing of value.

[4, 5] The principal contention, that the evidence is insufficient to support the verdict, in that there was no competent proof of the alcoholic content of the liquor sold, is apparently predicated upon the erroneous assumption that in every case under the Prohibition Act the government must charge, and prove by scientific analysis, that the liquor dispensed contained not less than one-half of 1 per cent. alcohol. But in the information it is here alleged that the defendant kept and sold "wine and whisky," and these, together with certain other beverages, are specifically declared by the act to be "intoxicating liquor," the keeping and sale of which is prohibited. Section 1 of title 2 of the act provides that—

"The word 'liquor' or the phrase 'intoxicating liquor' shall be construed to include alcohol, brandy, whisky, rum, gin, beer, ale, porter, and wine, and in addition thereto any spirituous, vinous, malt, or fermented liquor, * * * by whatever name called, containing one-half of 1 per centum or more of alcohol by volume, which are fit for beverage purposes."

Whisky and wine and the other beverages specifically named were well-known articles of commerce, in common use, and needed no further description. In a prosecution for the sale of wine and whisky, therefore, it is unnecessary either to allege or prove the alcoholic content or fitness for use as a beverage; as wine and whisky they are prohibited. To be sure, the government has here charged, not only that the liquors were wine and whisky, but that they contained more than one-half of 1 per cent. alcohol. That it might do as a matter of precaution, but it was bound to prove only that they were wine and whisky, or that they contained the prohibited percentage of alcohol and were fit for use as beverages. Witnesses testified that they purchased wine and whisky, and their competency was not questioned. If from use or by any other means the citizen knows what whisky is, he may be a competent witness. It does not require a scientific expert to identify a well-known article of manufacture and commerce, in common use. In some instances the witnesses asked for wine, and apparently got wine; presumably they got what they asked for. Lewinsohn v. United States, supra.

A careful consideration of the evidence leaves no doubt that the jury was abundantly justified in charging the defendant with the requisite knowledge. The other assignments are not argued, and are apparently without merit.

The judgment will be affirmed.