### HENSBERG v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 9, 1923.)

No. 6133.

1. **Indictment and information ⟨⟩91(3)—"Unlawfully and willfully" sufficient to designate act as criminal offense.**

   An averment in an information that defendant committed the act charged "unlawfully and willfully" *held* sufficient to characterize the act as a criminal offense.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Unlawfully.]

2. **Intoxicating liquors ⟨⟩216—"Whisky" used in indictment connotes intoxicating liquor.**

   The word "whisky," used in an indictment or information for violation of the National Prohibition Act, connotes intoxicating liquor.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Whisky.]

3. **Intoxicating liquors ⟨⟩216—Information held sufficient.**

   Where an information charges a sale of "whisky," its fitness for beverage purposes, in a legal sense, need not be averred or proved.

4. **Intoxicating liquors ⟨⟩17—National Prohibition Act constitutional.**

   The National Prohibition Act is constitutional.

In Error to the District Court of the United States for the Western District of Missouri.

Criminal prosecution by the United States against Abe Hensberg. Judgment of conviction, and defendant brings error. Affirmed.

Stanley H. Schwartz, of Kansas City, Mo. (Seehorn, Barnes & Schwartz and Toby Fishman, all of Kansas City, Mo., on the brief), for plaintiff in error.

Charles C. Madison, U. S. Atty., and Byron H. Coon and S. M. Carmean, Asst. U. S. Attys., all of Kansas City, Mo.

Before LEWIS, Circuit Judge, and TRIEBER and BOOTH, District Judges.

BOOTH, District Judge. Plaintiff in error was convicted in the court below of violating the National Prohibition Act (41 Stat. 305). The information contained two counts, one based upon unlawful sale, the other upon unlawful possession. As the sentence imposed was imprisonment, and as the record does not disclose any prior offense, it is apparent that the sentence was imposed on the sale count

only. That count is therefore the only one that needs to be considered here.

The errors relied upon are five in number and raise two main questions: One as to the sufficiency of the information; the other as to the constitutionality of the National Prohibition Act (41 Stat. 305).

The information, so far as here material, reads:

"Abe Hensberg * * * did then and there unlawfully and willfully, and in violation of the National Prohibition Act, sell to one J. L. Lee, a certain quantity of intoxicating liquor, to wit, one-half pint of whisky, contrary to the form of the statute," etc.

[1] The objections urged against the information are that it fails to allege that the act charged was "prohibited and unlawful"; that it fails to allege that the whisky contained one-half of 1 per cent. or more of alcohol which was fit for beverage purposes; that it fails to allege that the whisky was sold for beverage purposes. The first objection we think untenable; the words of the information, "unlawfully, willfully, and in violation of the National Prohibition Act," are fully as comprehensive and as specific as the suggested words "prohibited and unlawful."

[2] The second objection cannot be sustained. National Prohibition Act, tit. 2, § 1, provides:

"The word 'liquor' or the phrase 'intoxicating liquor' shall be construed to include alcohol, brandy, whisky, rum, gin, beer, ale, porter, and wine. and in addition thereto any spirituous, vinous, malt, or fermented liquor, liquids, and compounds, whether medicated, proprietary, patented, or not, and by whatever name called, containing one-half of 1 per centum or more of alcohol by volume which are fit for use for beverage purposes. * * *"

At the time of the adoption of the Eighteenth Amendment, and at the time of the passage of the National Prohibition Act, whisky was a well-known article of commerce, and apparently is not entirely unknown to-day. The article needed no further description. The word whisky connotes intoxicating liquor.

[3] For similar reason the third objection is without merit. Where it is alleged that "whisky" was sold, its fitness for beverage purposes, at least in a legal sense, need not be alleged nor proved. Strada v. U. S. (C. C. A.) 281 Fed. 143; Davis v. U. S. (C. C. A.) 274 Fed. 928. In our judgment the information fully meets the test of sufficiency laid down by this court in Goldberg v. U. S., 277 Fed. 211, where the court used the following language:

"The true test of the sufficiency of an indictment is that it sets forth the facts which the pleader claims constitute the alleged transgression so distinctly as to advise the accused of the charge which he has to meet and give him a fair opportunity to prepare his defense, so particularly as to enable him to avail himself of a conviction or acquittal in defense of another prosecution for the same offense, and so clearly that the court may be able to determine whether the facts there stated are sufficient to support a conviction."

[4] The question of the constitutionality of the National Prohibition Act is no longer open to discussion, and it is sufficient simply to cite the following authorities to that effect: Rhode Island v. Palmer,

253 U. S. 350, 40 Sup. Ct. 486, 588, 64 L. Ed. 946; Ruppert v. Caffey, 251 U. S. 264, 40 Sup. Ct. 141, 64 L. Ed. 260; Massey v. U. S. (C. C. A.) 281 Fed. 293.

Judgment affirmed.