### UNITED STATES v. JONES et al.

(District Court, E. D. Illinois. April 25, 1924.)

No. 161–D.

1. **Conspiracy ⬯43(6)—In indictment for conspiracy to commit an offense, such offense need be described only sufficiently to identify it.**

In an indictment for conspiracy to commit an offense against the United States, the offense which it is charged defendants conspired to commit need not be stated with the particularity that would be required in an indictment charging the offense itself, but only with such particularity as to identify it.

2. **Indictment and information ⬯111(4)—Indictment for conspiracy to violate Prohibition Act held to sufficiently negative exceptions.**

In an indictment charging in separate counts a conspiracy to unlawfully manufacture whisky, to have in possession stills and apparatus designed and intended for the unlawful manufacture of whisky, and to unlawfully furnish, sell, and keep in possession whisky, the words "unlawfully" and "unlawful" *held*, in view of National Prohibition Act, tit. 2, § 32 (Comp. St. Ann. Supp. 1923, § 10138½s), to sufficiently exclude the exceptional cases in which the things charged may lawfully be done under the act.

3. **Indictment and information ⬯111(1)—Indictment for conspiracy to unlawfully manufacture or sell liquor need not allege that it was intended for beverage purposes.**

An indictment for conspiracy to unlawfully manufacture or sell liquor need not allege that it was intended for beverage purposes, in view of National Prohibition Act, tit. 2, §§ 3, 32 (Comp. St. Ann. Supp. 1923, §§ 10138½aa, 10138½s).

4. **Conspiracy ⬯43(6)—Intoxicating liquors ⬯216—Word "whisky," used in indictment, connotes intoxicating liquor.**

The word "whisky," used in an indictment for violation of or conspiracy to violate, the Prohibition Act, connotes intoxicating liquor, and its fitness for beverage purposes need not be alleged.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Whisky.]

5. **Indictment and information ⬯119—Immaterial averments may be treated as surplusage.**

An averment in an indictment that is immaterial, and might be stricken out without vitiating the indictment, may be disregarded as surplusage.

---

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Criminal prosecution by the United States against Charles E. Jones and Milo Baker. On demurrer to indictment. Overruled.

W. O. Potter, U. S. Atty., of Marion, Ill., and L. T. Allen, of Danville, Ill., for the United States.

S. J. Gee, of Lawrenceville, Ill., Walter T. Gunn, of Danville, Ill., and M. E. Cox, of Robinson, Ill., for defendants.

LINDLEY, District Judge. The indictment herein, stripped of its surplusage, charges that the defendants unlawfully and feloniously conspired and agreed together to commit certain offenses against the United States by unlawfully manufacturing whisky, and keeping in their possession certain stills or distilling apparatus designed and intended for use in unlawfully manufacturing whisky, and large quantities of mash designed and intended for use in the unlawful manufacture of whisky, and by unlawfully furnishing, selling, and keeping in their possession whisky, contrary to the form of the statute in such case made and provided. In addition to these averments, certain overt acts are charged to have been committed in order to effect the conspiracy.

Upon demurrer it is contended that the word "unlawfully" is a mere conclusion; that the indictment should allege that the liquor contained more than one-half of 1 per cent. of alcohol by volume, and was intended for use as a beverage; that the time and place of the alleged possession of liquor and means of manufacturing should be alleged in detail; that there is no allegation that the liquor was intoxicating, and that therefore the indictment does not sufficiently notify the defendants of the charge against them.

[1, 2] In considering this matter it should be remembered that, in an indictment for a conspiracy to commit an offense against the United States, the offense which it is charged the defendants conspired to commit need not be stated with the particularity that would be required in an indictment charging the offense itself. A succinct statement of the rule governing such indictments will be found in Anderson v. United States, 260 Fed. 557, 171 C. C. A. 341 (C. C. A. 8th Circuit), where many cases are cited. This case was followed with approval by the Third circuit in Rulovitch v. United States, 286 Fed. 315, where the court held that in an indictment charging in separate counts conspiracy to "unlawfully possess," to "unlawfully transport," and to "unlawfully sell," intoxicating liquor prohibited by law, the word "unlawfully" sufficiently excludes the exceptional cases in which liquor may be lawfully possessed, transported, or sold under National Prohibition Act, title 2, sec. 3 (Comp. St. Ann. Supp. 1923, § 10138½aa).

That decision seems to the court to be eminently correct. The Prohibition Act by section 3 provides that no person shall, on or after the date when the Eighteenth Amendment to the Constitution of the United States goes into effect, manufacture, sell, barter, transport, import, export, deliver, furnish, or possess any intoxicating liquor except as authorized in this act. Section 25 (Comp. St. Ann. Supp. 1923, § 10138½m) provides that it shall be unlawful to have or possess any liquor or property designed for the manufacture of liquor intended for use in violating this title, or which has been so used, and no prop-

erty rights shall exist in any such liquor or property. And section 32 (Comp. St. Ann. Supp. 1923, § 10138½s) provides that it shall not be necessary in any affidavit, information, or indictment to give the name of the purchaser or to include any defensive negative averments, but *it shall be sufficient to state that the act complained of was then and there prohibited and unlawful.* So it is evident that the purpose of Congress was to make sufficient the simplest statement of an offense under this act.

Other courts have so decided. The Circuit Court of Appeals for the Ninth Circuit in Hockett v. United States, 265 Fed. 588, held that an indictment for transporting intoxicating liquor into a state need not negative the exceptions in the statute, of liquor intended for scientific, sacramental, medicinal, and mechanical purposes, and that therefore an indictment for conspiracy to commit that offense need not negative the exceptions, and that in an indictment for conspiracy to violate the Reed Amendment (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 8739a, 10387a–10387c) a charge that the purpose of defendants was wrongfully, unlawfully, and feloniously to transport the liquor is sufficient to import an unlawful motive. The court's conclusion was grounded upon the reasoning of the opinion of the Supreme Court in the case of Pierce v. United States, 252 U. S. 239, 40 Sup. Ct. 205, 64 L. Ed. 542. In the case of Massey v. United States, 281 Fed. 293, the Circuit Court of Appeals for the Eighth Circuit held that an indictment for violating National Prohibition Act, title 2, section 3, making it unlawful for any person to possess intoxicating liquor, except as authorized by this act, need not negative the purposes for which accused might have possessed the liquor in view of section 32 of title 2 of that act.

To be sure, this is a conspiracy charge, and not a charge of violation of the Prohibition Act; but, in view of the rule that the offense which is charged the parties conspired to commit need not be charged with the same particularity as a charge of the substantive offense, it follows that if the offense at which the conspiracy is aimed is stated with the same particularity that would satisfy the requirements of an indictment for the substantive offense, then it is sufficient.

[3] Nor in the opinion of the court was it necessary to allege that the liquor was intended for beverage purposes. The reasoning of the cases above quoted from support such conclusion, and the Circuit Court of Appeals for the Ninth Circuit in the case of Davis v. United States, 274 Fed. 928, held that an indictment charging defendants with conspiracy unlawfully to transport, sell, etc., whisky in violation of National Prohibition Act, title 2, section 3, is not required to aver that the whisky was not to be used for nonbeverage purposes. The court reaches this conclusion because of the language of sections 3 and 32 of the Prohibition Act above quoted.

[4] The allegation in this indictment, so far as intoxicating liquor is concerned, is that "whisky" was to be manufactured, furnished, sold, and kept in possession. In Hensberg v. United States (C. C. A.) 283 Fed. 371, the court held that the word "whisky," used in an indictment or information for violation of the National Prohibition Act, connotes intoxicating liquor, and that, where an information charges a sale of

"whisky," its fitness for beverage purposes, in a legal sense, need not be averred or proved, citing a number of cases, including Strada v. United States, 281 Fed. 143, and Davis v. United States, 274 Fed. 928. In United States v. Strada the court held that in view of the provisions of the Prohibition Act it was unnecessary to allege or prove either the alcoholic content or the fitness for beverage purposes of whisky. In the case of Heitler v. United States, 280 Fed. 703, the Circuit Court of Appeals for the Seventh Circuit had under consideration the contention that there was no proof that the liquor then under consideration was in fact intoxicating. The only proof offered by the government consisted of the testimony of witnesses who testified that they ordered, received, and drank "whisky." The court said:

"By the very act of filling an order for whisky, whoever filled it must be held to have represented that it was whisky. Witnesses who gave the order for whisky drank that which was brought to them and pronounced it whisky. They were experienced in the use of whisky. Distilled spirits containing less than one-half of 1 per cent. alcoholic content, if known at all commercially, was never known as whisky; so that the experience of the witnesses, who said that they were familiar with the use of whisky, must have been gained by drinking beverages containing more than one-half of 1 per cent. of alcoholic content. Their opinion that the beverage served them was whisky was competent evidence that it was a liquor containing more than one-half of 1 per cent. of alcohol by volume."

If proof that whisky was sold was sufficient to satisfy that statute, then an allegation that whisky was sold is sufficient. The same court said in the case of Lewinsohn v. United States, 278 Fed. at page 426, that:

"If it appears that whisky has been sold, it would require no stretch of the law of judicial notice to conclude that whisky contains more than one-half of 1 per cent. of alcohol."

Furthermore, the act itself in section 1 provides that the phrase, "'intoxicating liquor' shall be construed to include alcohol, brandy, whisky," etc. While the court would not recommend the present indictment as a model for good criminal pleading, it is of the opinion that it does sufficiently apprise the defendant of the charge against him, and satisfies the requirement that the charge must be stated with such particularity as to be capable of defense under the doctrine of former jeopardy.

[5] To the contention that the indictment contains immaterial matters it is only necessary to say that such immaterial matters are, in the opinion of the court, such as can be disregarded entirely as surplusage for the reasons set forth in the case of United States v. Weiss (D. C.) 293 Fed. 992.

Perhaps the court should advert to some cases cited by the defendants. Joplin Mercantile Company v. United States, 236 U. S. 531, 35 Sup. Ct. 291, 59 L. Ed. 705, involved a charge of conspiracy to bring liquor into an allotment of Indian Territory. The offense sought to be charged, as determined by the court, was one which was unlawful only if the transportation was from without a certain allotment to a place within the same, and the court held that the indictment was defective, because it did not allege that the liquor was thus transported.

It is evident that under such an indictment the court would have no jurisdiction; that there would be no offense, unless the indictment included such averment. In Hilt v. United States (C. C. A.) 279 Fed. 421, there was no averment that the possession complained of was unlawful. In the case of Brenner v. United States (C. C. A.) 287 Fed. 636, the court had under consideration an indictment for conspiracy to commit an offense in violation of the Food Control Act. The overt act charged was "the purchase of five barrels of distilled liquor, to wit, nonbeverage alcohol." Under the provisions of the Food Control Act the use of nonbeverage alcohol was not illegal, except in certain instances, and there was nothing alleged to show that such illegal use was contemplated, nor was there in said Food Control Act any section similar to section 32 of the Prohibition Act. The case of United States v. Beiner (D. C.) 275 Fed. 704, is in direct conflict with the cases hereinbefore cited.

The demurrer will be overruled.