### BELVIN et al. v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. April 14, 1926.)

No. 2444.

1. Jury ☞95—Motion to exclude jurors who had served in other cases involving similar offenses was properly overruled, where trial judge interrogated jurors and determined that they were impartial jurors.

Motion to exclude jurors on ground that they had served in other cases involving similar offense, and resting on evidence of same witnesses, was properly overruled, where trial court, before passing on motion, examined each juror under oath whether he was so prejudiced in favor of government witnesses as to affect judgment, and was assured to the contrary.

2. Criminal law ☞1152(2)—Jury ☞85.

Competency of individual jurors is addressed to trial court's sound discretion, whose action, in absence of abuse of discretion, is not reviewable.

3. Conspiracy ☞43(6)—Indictment for conspiracy to violate National Prohibition Act need not allege that liquors were fit, sold, transported, or possessed for beverage purposes (Penal Code, § 37 [Comp. St. § 10201]; National Prohibition Act [Comp. St. Ann. Supp. 1923, § 10138¼ et seq.]).

Indictment under Penal Code, § 37 (Comp. St. § 10201), for conspiracy to violate National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), need not allege that liquors which defendants conspired to transport and sell were fit, sold, transported, or possessed for beverage purposes.

4. Conspiracy ☞43(6).

Indictment for conspiracy to commit an offense need not describe offense with same certainty as indictment for the offense itself.

5. Indictment and information ☞110(10)—Indictment for conspiracy to violate National Prohibition Act following statute, and fairly informing defendants of character of offense charged, was sufficient (Penal Code, § 37 [Comp. St. § 10201]; National Prohibition Act [Comp. St. Ann. Supp. 1923, § 10138¼ et seq.]).

Indictment under Penal Code, § 37 (Comp. St. § 10201), for a conspiracy to violate National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), which charged conspiracy in words of statute, and contained sufficient description of object of conspiracy to fairly and reasonably inform defendants of character of offense charged, was sufficient.

6. Conspiracy ☞47—Evidence of extensive business in transportation and sale of intoxicating liquor held to justify conviction of conspiracy to violate National Prohibition Act (Penal Code, § 37 [Comp. St. § 10201]; National Prohibition Act [Comp. St. Ann. Supp. 1923, § 10138¼ et seq.]).

Evidence showing a partnership in criminal purposes in violating National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), by transportation and sale of liquor, constituting an extensive business, was sufficient to justify conviction under Penal Code, § 37 (Comp. St. § 10201), for conspiracy to violate National Prohibition Act.

7. Criminal law ☞1159(4).

Credibility of witnesses is question for jury and not for appellate court.

8. Criminal law ☞1059(2)—General exception to court's charge, without specifying defects, raises no question for review.

General exception to trial court's charge as a whole, without any specifications as to what was supposed to be wrong about it, does not raise any question for review.

9. Conspiracy ☞23—Jury's failure to agree as to guilt of one charged to be at head of conspiracy to violate National Prohibition Act is not inconsistent with finding of existence of conspiracy and guilt of others (Penal Code, § 37 [Comp. St. § 10201]; National Prohibition Act [Comp. St. Ann. Supp. 1923, § 10138¼ et seq.]).

That jury, in prosecution under Penal Code, § 37 (Comp. St. § 10201), for conspiracy to

violate National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), disagreed as to guilt of one charged with being at head of conspiracy, was not inconsistent with finding that conspiracy existed, and that others charged were parties thereto.

In Error to the District Court of the United States for the Eastern District of Virginia, at ·Norfolk; D. Lawrence Groner, Judge.

George W. Belvin and another were convicted of conspiring to violate the National Prohibition Act, and they bring error. Affirmed.

Henry Bowden and Charles S. Grant, both of Norfolk, Va., for plaintiffs in error.

Paul W. Kear, U. S. Atty., of Norfolk, Va. (Callom B. Jones, Asst. U. S. Atty., of Richmond, Va., and Alvah H. Martin, Asst. U. S. Atty., of Norfolk, Va., on the brief), for the United States.

Before WADDILL, ROSE, and PARKER, Circuit Judges.

PARKER, Circuit Judge. This is a writ of error prosecuted by George W. Belvin and John McGowan, who with two other defendants were convicted under section 37 of the Penal Code (Comp. St. § 10201) of conspiracy to violate the provisions of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The indictment first charged in general terms a conspiracy between Belvin, McGowan, and nine other persons to transport, sell, and deal in intoxicating liquors in the city of Norfolk and vicinity unlawfully and in violation of the Act of October 28, 1919, commonly known as the Volstead Act. It then proceeded to describe the functions which each of the persons charged in the indictment were to perform in carrying out the conspiracy, alleging that the defendant Murphy was to act as head of the business, was to furnish money and property to carry it on, and was to get in touch with prospective customers and persons from whom it was expected to obtain liquor for sale; that defendants Belvin, McGowan, and Davis were to carry out under the supervision of Murphy the business contemplated in the conspiracy, to act as intermediaries between customers and supply men, and to arrange for delivery of liquor to purchasers; that defendants Freeman and Trotter were to act as bartenders and sellers of liquors to the retail trade; that defendants Smith and Bailey were to deliver and assist in delivering to purchasers the liquors sold pursuant to the conspiracy;

and that defendants Miller, Estes, and Johnson were to secure immunity from legal prosecution for the conspirators. The indictment contained three counts, each setting forth the conspiracy above outlined, but each charging different overt acts as having·been done in furtherance thereof. The first and second counts charged as overt acts sales of small quantities of liquor by Freeman and Trotter. The third count charged as overt acts a conference between Murphy and the witnesses Asher and Hertzig, in which he directed them to go to. Belvin for the purchase of liquors, an agreement by Belvin to sell liquors to the witnesses, and an inspection by him of their place of business, the delivery of five gallons of liquor to the witnesses by Smith and another of the defendants and the collection from the witnesses of $30 by Belvin.

Upon the trial in the District Court, evidence was offered in support of the allegations of the indictment which, if believed by the jury, was amply sufficient to establish the existence of the conspiracy, the connection of the various defendants therewith, and the overt acts alleged. The jury convicted Belvin, McGowan, Smith, and Bailey, acquitted Miller, Estes, Johnson, Freeman, and Trotter, and were unable to agree as to Murphy and Davis.

At the beginning of the trial, the defendants moved the court to exclude eleven of the jurors subsequently impaneled to try the case, on the ground that they had served in a number of other cases involving violations of the National Prohibition Act, in which the witnesses relied on by the government in this case had testified, and in which the credibility of these witnesses was necessarily involved. The defendants alleged that these jurors, having passed upon the credibility of the witnesses and having believed them in those cases, were not fair and impartial jurors for the trial of this case, where the credibility of the same witnesses was again involved. The trial judge, before passing upon the motion, examined each juror under oath as to whether he was so prejudiced in favor of the government witnesses as to affect his judgment, and, being assured to the contrary, overruled the motion.

The defendants assign as error: (1) The denial of the motion to exclude the eleven jurors; (2) the overruling of a demurrer to the indictment raising the point that it failed to allege that the intoxicating liquor mentioned therein was fit for beverage purposes; (3) the refusal to direct a verdict for defendants on the ground that the evidence

showed merely a series of violations of the Volstead Act and not the conspiracy charged; (4) general error in the charge of the court; and (5) refusal to grant a motion in arrest of judgment, on the ground that the verdict was inconsistent with the charge of the indictment. We shall consider these in the order named.

[1] The motion to exclude the eleven jurors who had served in other cases was properly denied. The trial judge interrogated them and determined that they were impartial jurors. The exact point has been decided adversely to the contention of defendants by the Circuit Courts of Appeals of the Sixth and Eighth Circuits. Wilkes v. U. S. (C. C. A. 6th) 291 F. 988; Haussener v. U. S. (C. C. A. 8th) 4 F.(2d) 884. In the Wilkes Case Judge Knappen, speaking for the court, said:

"It was not error to deny the motion. There was under it no showing of fact that the jurors had either formed or expressed opinions as to the merits of the instant case. There is no presumption of law that they did do so, nor any presumption that a juror who has heard the evidence in one of the cases, or even sat in one or more cases, will be other than impartial in another case merely because it is of the same general type. Each case involved differing conditions and questions of credibility on the part usually of different defendants, and the credibility of both Taylor and his wife [witnesses for the government] was required to be weighed, not only upon the facts of the individual case, but as between these witnesses and different defendants."

The practical difficulty in the administration of justice if the rule contended for by defendants be accepted as the law, is well stated in the Haussener Case:

"If, when one case has been tried, the entire panel of jurors sitting therein is disqualified from sitting as jurors in every other case of a similar sort, trial courts will be so far impeded in the transaction of their business as to make the enforcement of this act difficult, if not impossible."

[2] Furthermore, the competency of the individual jurors was a question addressed to the sound discretion of the trial court, and, in the absence of abuse of discretion, the action of the trial judge with regard thereto is not reviewable. Hopt v. Utah, 120 U. S. 430, 7 S. Ct. 614, 30 L. Ed. 708; Texas & Pac. Ry. v. Hill, 237 U. S. at 214, 35 S..Ct. 575, 59 L. Ed. 918; Assaid v. U. S. (C. C. A. 4th) 10 F.(2d) 752, decided January 12, 1926.

[3-5] The demurrer to the indictment was properly overruled. The ground of the demurrer was that the indictment failed to state that the intoxicating liquors which it was alleged that the defendants had conspired to transport, sell, and deal in contrary to the provisions of the Act of October 28, 1919, were "fit, sold, transported or possessed for beverage purposes." It was not necessary to allege that the intoxicating liquors were fit, sold, transported, or possessed "for beverage purposes" to describe an offense against the National Prohibition Act. Massey v. U. S. (C. C. A. 8th) 281 F. 293; Strada v. U. S. (C. C. A. 9th) 281 F. 143; U. S. v. Jones (D. C.) 298 F. 131; U. S. v. McGuire (D. C.) 300 F. 98. And, even if this were not true, it is well settled that an indictment for conspiracy to commit an offense need not describe the offense which is the object of the conspiracy with the same certainty as would be required in an indictment for that offense. Williamson v. U. S., 207 U. S. 425, 28 S. Ct. 163, 52 L. Ed. 278; Jelke v. U. S. (C C. A. 7th) 255 F. 264; Goldberg v. U. S. (C. C. A. 8th) 277 F. 211; U. S. v. Jones (D. C.) 298 F. 131; Remus v. U. S. (C. C. A. 6th) 291 F. 501. As the indictment charged the conspiracy in the words of the statute to violate a criminal statute of the United States, which was properly described in the indictment, and contained a sufficient description of the object of the conspiracy to fairly and reasonably inform the defendants of the character of the offense charged, it was sufficient. Jelke v. U. S., supra.

"The true test of the sufficiency of an indictment is that it sets forth the facts which the pleader claims constitute the alleged transgression so distinctly as to advise the accused of the charge which he has to meet and give him a fair opportunity to prepare his defense, so particularly as to enable him to avail himself of a conviction or acquittal in defense of another prosecution for the same offense, and so clearly that the court may be able to determine whether the facts there stated are sufficient to support a conviction." Sanborn, Judge, in Goldberg v. United States, supra.

An indictment for conspiracy to violate the Prohibition Act, drawn in almost the exact language complained of here, was sustained by this court against demurrer in Martin v. United States (C. C. A. 4th) 299 F. 287. In that case there was no charge that the intoxicating liquors were "fit, sold, transported or possessed for beverage purposes."

The court, speaking through Judge Rose, said:

"The sufficiency of a criminal pleading should be determined by practical, as distinguished from purely technical, considerations. Does it, under all the circumstances of the case, tell the defendant all that he needs to know for his defense, and does it so specify that with which he is charged that he will be in no danger of being a second time put in jeopardy? If so, it should be held good."

See, also, Leverkuhn v. United States (C. C. A. 5th) 297 F. 590, and Rulovitch v. United States (C. C. A. 3d) 286 F. 315.

[6, 7] The contention of defendants with respect to their motion to direct a verdict is that the evidence showed merely a number of violations of the National Prohibition Act and not such a conspiracy as was charged in the indictment. It is true that the evidence showed violations of the Prohibition Act in the transportation and sale of liquor, but it also showed the "partnership in criminal purposes," which is the essence of conspiracy. U. S. v. Kissel, 218 U. S. at 608, 31 S. Ct. 124, 54 L. Ed. 1168. The evidence, if believed, clearly established, not only that plaintiffs in error were implicated in sales of liquor made to the government witnesses, but also that these sales were but incidents in an extensive business which they were carrying on in violation of law. There can be no doubt that the prosecution for conspiracy under such circumstances was proper, and that it does not come within the practice criticized by the Conference of Senior Circuit Judges in their letter of June 16, 1925, to which counsel for defendants refer. In oral argument, it was urged upon us that certain testimony of the government should not be believed. This was a question for the jury and not for us. As said by Judge Evans of the Seventh Circuit:

"The right of an accused to a trial by jury upon all issues of fact is guaranteed by the Fifth Amendment to the Constitution. But the accused cannot have both a trial by a jury, and a retrial by an appellate court." Allen v. U. S. (C. C. A.) 4 F. (2d) 688.

[8] The only exception to the charge is a general exception to the charge as a whole "without any specifications as to what was supposed to be wrong about it." It is well settled that such general exception does not raise any question for review by this court. Nutter v. U. S. (C. C. A. 4th) 289 F. 484; Wilkes v. U. S. (C. C. A. 6th) 291 F. 988; Allen v. U. S., supra. A reading of the charge, however, discloses that the learned and able trial judge fully and fairly presented the contentions of the parties and the law applicable, and defendants have no just ground of exception with regard thereto.

[9] With respect to the motion in arrest of judgment, we see nothing inconsistent between the verdict and the indictment. It is elementary that in a prosecution for conspiracy the jury may convict some of the defendants charged and acquit others. Breese v. U. S. (C. C. A. 4th) 203 F. 824, 122 C. C. A. 142; Johnson v. U. S. (C. C. A. 4th) 5 F.(2d) 471. The jury may well have concluded that there was a conspiracy to carry on an unlawful liquor business as described in the indictment on the part of the defendants convicted, and that the connection of other defendants charged was not sufficiently shown. The fact that they disagreed as to the guilt of Murphy, who was charged with being at the head of the business, is not inconsistent with a finding that the conspiracy existed and that others charged were parties thereto.

After giving careful consideration to each and every exception of defendants, we find no error, and the judgment of the District Court is accordingly affirmed.

Affirmed.