### UNITED STATES v. AUTO CITY BREWING CO. et al.

(District Court, E. D. Michigan, S. D.   March 28, 1922.)

No. 455.

1. **Intoxicating liquors** ⬤⟿273—**"Liquor," within section authorizing temporary injunction against nuisance, means intoxicating liquor.**

Within National Prohibition Act, § 22, authorizing the court, in a suit to have property declared a liquor nuisance, to issue a temporary injunction restraining any interference with the liquor or fixtures used in connection with the violation of the act, the word "liquor" refers to intoxicating liquor.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Liquor.]

2. **Intoxicating liquors** ⬤⟿273—**Purpose of temporary injunction against nuisance is to preserve status quo until sale.**

The purpose of the temporary injunction authorized by National Prohibition Act, § 22, against removal of liquor and fixtures on premises used in violation of the statute, was to preserve the status quo, so that a subsequent order directing the sale of the property, as authorized by section 21, might be carried out.

**3. Intoxicating liquors ⬅➞273—Authority to temporarily enjoin interference with liquor does not authorize injunction against exercising control over it.**

The authority given by National Prohibition Act, § 22, to issue a temporary order restraining the defendants from removing or interfering with liquor or fixtures used in violation of the act, does not authorize a temporary injunction restraining the defendants from exercising any control over the property.

**4. Intoxicating liquors ⬅➞273—Express authority for temporary injunction impliedly excludes authority in other cases.**

The express authority given by National Prohibition Act, § 22, to issue temporary injunctions for the purposes therein stated, impliedly excludes the authority to issue such injunctions under the inherent powers of the court in any other cases.

In Equity. Suit by the United States against the Auto City Brewing Company and others to have certain property declared a common nuisance and for other relief, pursuant to the National Prohibition Act. On application for a temporary injunction. Temporary injunction issued, restraining defendants from disposing of liquors on the property in controversy, but not restraining the exercise of control over the property by them.

Earl J. Davis, of Saginaw, Mich., U. S. Dist. Atty.

McClear, Stein & Sarbaugh, of Detroit, Mich., for defendants.

TUTTLE, District Judge. This is an application for a temporary injunction under a bill filed herein in the name of the United States, by the United States attorney for this district, for the purpose of having certain property declared a common nuisance, and decreed to be subject to a lien for certain tax and fine liability of the defendants, and to be sold by the United States marshal to satisfy such liability, all pursuant to the National Prohibition Act (41 Stat. 305). The bill contains also a prayer for a temporary injunction restraining the defendants, their agents and employees, "from exercising any control over said premises or the appurtenances." The matter is now before the court upon the prayer for temporary injunction referred to.

The material allegations of the bill are as follows: That the defendants own and possess a brewery building, which is equipped with machinery and apparatus adapted to the manufacture, storing, and marketing of beer and soft drinks in barrels and bottles, and that a part of such building is equipped as a bottling works; that the defendants have been engaged in the unlawful manufacture in, and transportation from, said brewery building, of intoxicating liquor for beverage purposes, consisting of beer containing more than 3 per cent. alcohol, which beer said defendants have been unlawfully selling; that by reason of the manufacture and sale of said liquor the defendants became and are liable for certain taxes and penalties under the United States internal revenue laws, and also liable to certain fines under the National Prohibition Act, which liability has become a charge against said defendants and a lien upon said property. The nature of the relief prayed has already been mentioned.

The question now presented is whether a temporary injunction should be granted restraining the defendants "from exercising any

control over" the property involved. The applicable statutory provisions are sections 21 and 22 of the National Prohibition Act. Section 21 provides as follows:

"Any room, house, building, boat, vehicle, structure, or place where intoxicating liquor is manufactured, sold, kept, or bartered in violation of this title, and all intoxicating liquor and property kept and used in maintaining the same, is hereby declared to be a common nuisance, and any person who maintains such a common nuisance shall be guilty of a misdemeanor and upon conviction thereof shall be fined not more than $1,000 or be imprisoned for not more than one year, or both. If a person has knowledge or reason to believe that his room, house, building, boat, vehicle, structure, or place is occupied or used for the manufacture or sale of liquor contrary to the provision of this title, and suffers the same to be so occupied or used, such room, house, building, boat, vehicle, structure, or place shall be subject to a lien for and may be sold to pay all fines and costs assessed against the person guilty of such nuisance for such violation, and any such lien may be enforced by action in any court having jurisdiction."

Section 22 consists of the following language:

"An action to enjoin any nuisance defined in this title may be brought in the name of the United States by the Attorney General of the United States or by any United States attorney or any prosecuting attorney of any state or any subdivision thereof or by the Commissioner or his deputies or assistants. Such action shall be brought and tried as an action in equity and may be brought in any court having jurisdiction to hear and determine equity cases If it is made to appear by affidavits or otherwise, to the satisfaction of the court, or judge in vacation, that such nuisance exists, a temporary writ of injunction shall forthwith issue restraining the defendant from conducting or permitting the continuance of such nuisance until the conclusion of the trial. If a temporary injunction is prayed for, the court may issue an order restraining the defendant and all other persons from removing or in any way interfering with the liquor or fixtures, or other things used in connection with the violation of this act constituting such nuisance. No bond shall be required in instituting such proceedings. It shall not be necessary for the court to find the property involved was being unlawfully used as aforesaid at the time of the hearing, but on finding that the material allegations of the petition are true, the court shall order that no liquors shall be manufactured, sold, bartered, or stored in such room, house, building, boat, vehicle, structure, or place, or any part thereof. And upon judgment of the court ordering such nuisance to be abated, the court may order that the room, house, building, structure, boat, vehicle, or place shall not be occupied or used for one year thereafter; but the court may, in its discretion, permit it to be occupied or used if the owner, lessee, tenant, or occupant thereof shall give bond with sufficient surety, to be approved by the court making the order, in the penal and liquidated sum of not less than $500 nor more than $1,000, payable to the United States, and conditioned that intoxicating liquor will not thereafter be manufactured, sold, bartered, kept, or otherwise disposed of therein or thereon, and that he will pay all fines, costs, and damages that may be assessed for any violation of this title upon said property."

It will be noted that section 21 defines the "common nuisance" denounced by these actions as:

"Any * * * building * * * or place where intoxicating liquor is manufactured, sold, kept, or bartered in violation of this title, and all intoxicating liquor and property kept and used in maintaining the same."

This is the "nuisance defined in this title," which section 22 provides may be enjoined in an action brought in the name of the United States. It will also be noted that section 22 provides that:

"If it is made to appear by affidavits or otherwise, to the satisfaction of the court, or judge in vacation, that such nuisance exists, a temporary writ of injunction shall forthwith issue restraining the defendant from conducting or permitting the continuance of such nuisance until the conclusion of the trial."

As it is made to appear by the allegations in the said sworn bill and affidavit, to the satisfaction of this court, that such a nuisance has been existing as alleged in the bill (the defendants do not dispute the right of the government to a temporary injunction restraining the defendants from conducting or permitting the continuance of such a nuisance until the conclusion of the trial, provided that this court is satisfied of the truth of the allegations in the bill), such temporary writ of injunction must forthwith issue, in accordance with the provisions of section 22 just quoted.

[1] The only other provision for a temporary injunction contained in this statute is that to the effect that:

"If a temporary injunction is prayed for, the court may issue an order restraining the defendant and all other persons from removing or in any way interfering with the liquor or fixtures or other things used in connection with the violation of this Act constituting such nuisance."

Bearing in mind the extent to which the word "liquor" is used interchangeably with the words "intoxicating liquor," not only in the two sections of the statute now under consideration, but throughout the act, and considering that we are here dealing with "liquor * * * used in connection with the violation of this act," it cannot be doubted that the liquor thus referred to in this section is intoxicating liquor.

[2] Having in mind, then, that under section 21 the "building, * * * structure or place" used for the illegal manufacture, sale, or keeping "of liquor contrary to the provisions of this title" is "subject to a lien for, and may be sold to pay all fines and costs assessed against the persons guilty of such nuisance," it is plain that the intention of Congress in providing, in section 22, for a temporary injunction restraining the removal of or interference with the liquor or other things used in connection with such a violation of the statute, was to authorize (not even to require) the court to preserve the status quo in such a case so that any subsequent order directing the sale of the property involved might be carried out. Otherwise such sale might be hindered or even prevented by the previous removal of or interference with such property, by the defendants or by others. The acts intended to be thus temporarily restrained were, in my opinion, acts tending to thus prevent or hinder the enforcement of the final decree of sale, if made.

[3] Certainly the removal of property is of quite a different nature and has a wholly different effect than its mere use; and to restrain all use of property (or, in the language of the bill of complaint herein, the exercise of all control over property) is to extend the scope of the injunctive power of the court far beyond the imposition of restraint upon only the removal of such property. The same is true concerning the interference in question. To interfere is, in the language of the Century Dictionary, to "act in such a way as to check or hamper the action

of other persons or things." Clearly the defendants can use this property and yet not "interfere" with it in the proper legal sense. It is therefore manifest that a temporary injunction restraining them from exercising any control over such property, as prayed here, would be without authority or sanction in the statute.

[4] Although no argument is presented based upon any contention that this court has inherent power, regardless of the statute, to grant the temporary injunction sought, and the point is not raised, I am satisfied that any such contention or argument would be disposed of by a consideration of the effect of the express statutory grant to the court of the right to issue a temporary injunction with respect to certain specified relief which does not include the relief here prayed. "Expressio unius exclusio alterius." The express provision in the statute concerning temporary injunctions under the sections involved, and the definite, positive grant of the power to temporarily restrain certain acts specifically described, is convincing as to the intent of Congress to exclude from such power the issuance of a temporary injunction for any other purpose.

Having thus restricted the scope of the temporary injunction to be issued, it is unnecessary to consider the constitutionality of these sections of the statute, as so construed, no objection on that ground, indeed, having been presented. It results that a temporary injunction must forthwith issue restraining the defendants, their agents and employees from conducting or permitting the continuance of the manufacture, possession, sale, and transportation of all intoxicating liquor at or upon the premises and property described in the bill of complaint filed herein and in the affidavit attached thereto, until the conclusion of the trial upon the final hearing in this cause, and also restraining said defendants and all other persons from removing or in any way interfering with the intoxicating liquor or fixtures or other things used in connection with the manufacture, possession, sale and transportation of intoxicating liquors as aforesaid until the further order of this court, and the application of the plaintiff for the temporary injunction sought is denied except as already indicated.

No bond will be required from either party to this cause in connection with the temporary injunction thus granted. An order will be entered accordingly.