## PRESSLEY v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. May 17, 1923.)

No. 4016.

1. **Intoxicating liquors ☞249—Warrant for search of shoe shop did not authorize search of part of premises used as dwelling.**

Under National Prohibition Act, tit. 2, § 25, Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼ et seq.) and 42 Stat. 223, § 6, where neither affidavit nor warrant disclosed that the building to be searched was a dwelling, but authorized only the search of a shoe shop, under such warrant it was improper to search a part of the premises, not used as a shoe shop, but as a dwelling.

2. **Intoxicating liquors ☞248—Description of premises held insufficient.**

Under National Prohibition Act tit. 2, § 25, Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919; § 10496¼ et seq.), and 42 Stat. 223, § 6, a description, in affidavit and search warrant, of the premises to be searched as "the premises and the buildings of a certain shoe shop, situate" in a named town, "being the premises of ———," on which premises accused was violating the National Prohibition Act, held insufficient.

In Error to the District Court of the United States for the Northern District of Florida; William B. Sheppard, Judge.

Rome Pressley was convicted of violation of the National Prohibition Act, and brings error. Reversed and remanded, with instruction.

Lewis V. Trueman and Harry W. Thompson, both of Pensacola, Fla., for plaintiff in error.

Fred. Cubberly, U. S. Atty., of Gainesville, Fla., and G. E. Hoffman, Asst. U. S. Atty., of Pensacola, Fla.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. Rome Pressley was convicted of having the unlawful possession of intoxicating liquor in violation of the National Prohibition Act (41 Stat. 305), in the United States District Court for the Northern District of Florida, upon a criminal information presented by the United States attorney. Previous to the presentation of such information a search warrant had been issued by a commissioner for the search of "the premises and buildings of a certain shoe shop situate in the town of Bagdad, state of Florida," reciting that it was issued upon an affidavit of one R. F. Stearns, alleging that the National Prohibition Act, § 29, tit. 2, had been and was being violated by "unlawfully having on the premises and the buildings of a certain shoe shop, situate in the town of Bagdad, state of Florida, by one Rome Pressley, who unlawfully had in his possession on and in said premises for unlawful sale, certain intoxicating liquor, a more particular description of which is to affiant unknown, being the premises of ———, and being situate in the county of Santa Rosa," Fla., within the Northern district thereof. Under this warrant, an entry was made and search conducted in a building situated in said town of Bagdad, one room of which was used as a shoe shop by Rome Pressley, but the rest of which was occupied by him and his family, including his aged

and invalid mother, as their private dwelling. Nothing was found in said shoe shop, but the officers, having entered the dwelling, found in the room occupied by Pressley's mother about two pints of whisky, in a jug and bottle on a table.

[1, 2] Before the jury was impaneled in said case motions were made to quash said search warrant and require the return of the whisky seized thereunder. One of the grounds of the motion to quash was that the affidavit of Stearns presented no facts authorizing the issuance of the warrant, and that the seizure had been made without any valid warrant. Search warrants under the National Prohibition Act are permitted to be issued in the manner provided by the Espionage Act of June 15, 1917, title 2 (40 Stat. 228, c. 30 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼a et seq.]). This act provides:

"A search warrant cannot be issued but upon probable cause, supported by affidavit, naming or describing the person and particularly describing the property and the place to be searched."

It also provides:

"The affidavits or depositions must set forth the facts tending to establish the grounds of the application or probable cause for believing that they exist."

The National Prohibition Act also provides:

"No search warrant shall issue to search any private dwelling occupied as such, unless it is being used for the unlawful sale of intoxicating liquor, or unless it is in part used for some business purpose such as a store, shop, restaurant, saloon, hotel, or boarding house." National Prohibition Act, tit. 2, § 25, 41 Stat. 315.

By an act entitled "an act supplemental to the National Prohibition Act" (42 Stat. 223), it is made an offense for any officer, agent, or employee of the United States, engaged in enforcing the National Prohibition Act, or any other law of the United States, to search any private dwelling, as defined in the National Prohibition Act, occupied as such dwelling without a warrant directing such search.

The provisions of the Espionage Act as to search warrants have been construed in the well-considered case of Veeder v. United States, 252 Fed. 414, 418, 164 C. C. A. 338. It will be seen from such decision that the affidavits for such warrants should furnish facts from which the propriety of issuing the warrant can be clearly deduced. In this case the writ of certiorari applied for by the United States was denied by the Supreme Court. 246 U. S. 675, 38 Sup. Ct. 428, 62 L. Ed. 933. Furthermore, it will be noticed the National Prohibition Act forbids the issuance of a search warrant to search a private dwelling unless under certain circumstances, and that the amendment to such act makes it a misdemeanor for an officer to search a dwelling without a warrant directing such search.

This warrant fails in important particulars, therefore, to satisfy the requirements of the law. A very full and careful discussion of such requirements is contained in the opinion in the case of United States v. Kaplan (D. C.) 286 Fed. 963. In the present case neither the affidavit nor the warrant disclose that the building to be searched was a dwelling. It authorized only the search of a shoe shop, and under

such warrant a search was conducted in a private dwelling and in the part thereof not used as the shoe shop. Again, the description of the premises is most meagre. Any building in Bagdad used as a shoe shop would answer the description given. It is not stated to be the premises of the accused, but is stated to be "the premises of ——"; the reference to the accused being that on the premises and buildings of a certain shoe shop the National Prohibition Act is being violated by one Rome Pressley.

The above warrant, therefore, was not issued upon a sufficient affidavit, and is itself too indefinite. Furthermore, the search and seizure made was not within the scope authorized by the warrant, being a search conducted in a private dwelling without any warrant authorizing such private dwelling to be searched. The evidence, procured by such search and seizure, was illegally procured and should not have been received by the court. The evidence was material and its reception harmful error.

The judgment of the District Court is reversed, and the case remanded, with instructions to grant a new trial.