### UNITED STATES v. McGUIRE.

(District Court, N. D. New York. May 17, 1924.)

1. **Intoxicating liquors �köæ216—"Beer" or "wine" connotes intoxicating beverage liquor.**

Under National Prohibition Act, tit. 2, § 1 (Comp. St. Ann. Supp. 1923, § 10138½), in an allegation charging the sale of "beer" and "wine," it is unnecessary to allege their alcoholic content or fitness for use as beverages.

2. **Intoxicating liquors ⊂249—Search warrant; rooms over saloon, occupied by proprietor, not "private drilling."**

Under National Prohibition Act. tit. 2, § 25 (Comp. St. Ann. Supp. 1923, § 10138½m), rooms over a saloon, occupied by the proprietor as a dwelling, may be searched under a search warrant for the building including the rooms, based on an affidavit charging sales of liquor in the saloon below.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Private Dwelling.]

3. **Intoxicating liquors ⊂249—Search warrant held to sufficiently describe building to be searched.**

Where a search warrant directed search of a building designated by the street number, which was occupied as a saloon, with living rooms of the proprietor above, search of the rooms was not unlawful because the stairway entrance bore a different number.

4. **Intoxicating liquors ⊂249—Search warrant not invalidated by failure to convict of sale charged.**

A search warrant must stand or fall on the sufficiency of the showing before the commissioner on which it is issued, and a valid warrant is not invalidated by failure to convict of the sale of liquor charged in the affidavit on which it was issued.

5. **Intoxicating liquors ⊂255—Liquor seized on search warrant not required to be delivered to clerk of court.**

Liquor seized on a search warrant issued under National Prohibition Act, tit. 2, § 25 (Comp. St. Ann. Supp. 1923, § 10138½m), is not required to be delivered to the clerk of the court, but may lawfully be retained by the officer seizing it, unless otherwise ordered by the court.

Criminal prosecution by the United States against John E. McGuire. On motion by defendant to set aside verdict and for new trial. Denied.

Oliver D. Burden, U. S. Atty., of Syracuse, N. Y.
Ransom H. Gillett, of Albany, N. Y., for defendant.

COOPER, District Judge. On March 7, 1924, the defendant was convicted of the unlawful possession of intoxicating liquors at 718 Albany street, Schenectady, N. Y., on September 21, 1923. This is a motion by the defendant to set aside the verdict and grant a new trial.

The defendant was and is the proprietor of a saloon at 718 Albany street, corner of Summit avenue, in the city of Schenectady, N. Y. The structure is a two-story building. The lower floor is occupied exclusively by the saloon, rooms in the rear opening into the saloon, and a hall. This hall may be entered by a door from the street, and also by a door from one of the rear rooms opening into the saloon. In this hall is a stairway leading to the second floor. The entire second floor is occupied by the defendant and his family, with the exception of one or two rooms which he then rented to a person named Swartout. All of the rooms on the second floor are directly over the saloon and connecting rooms located on the first floor. The entrances to the building are on Albany street. Over the street entrance to the saloon appears the number 718. Over the street entrance to the hall appears the number 720.

Prior to the trial, the defendant made a motion, on affidavits, to vacate the search warrant under which the liquors were seized and suppress them as evidence. This motion was denied. The defendant's present motion will be deemed to be based upon the affidavit and search warrant, supplemented by the evidence given at the trial, so that the defendant may have the benefit of the most favorable view which the entire case permits.

The affidavit on which the search warrant was issued was made by Prohibition Agent Conway. He states in his affidavit:

"That on the 17th day of September, 1923, deponent personally visited the aforesaid saloon and purchased a drink of beer, and saw a man served with what deponent believed to be whisky. That when deponent asked the bartender for whisky, the bartender told deponent that he had none, and that what he had served in the presence of deponent was wine."

On this affidavit, search warrant was issued, directing the search for intoxicating liquors—

"at the premises known as 718 Albany street, Schenectady, N. Y., which consists of a saloon and rooms to the rear of the bar * * * and rooms above said barroom."

On September 21, 1923, the search warrant was executed by the prohibition agents named therein, and a considerable quantity of whisky, gin, alcohol, and wine was seized in the defendant's rooms on the second floor.

[1] The affidavit charges the sale of beer, and the witnessing of a sale of wine. Under section 1 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½) it is provided that:

"The word 'liquor' or the phrase 'intoxicating liquor' shall be construed to include alcohol, brandy, whisky, rum, gin, beer, ale, porter, and wine * * *"

When it is alleged that a beverage is one of these well-known articles of commerce in common use, it is unnecessary to allege or prove the alcoholic content or fitness for use as a beverage. Strada v. U. S. (C. C. A. 9th Cir. 1922) 281 Fed. 143; Singer v. U. S. (C. C. A.) 278 Fed. 415; U. S. v. Auto City Brewing Co. (D. C.) 279 Fed. 132. The affidavit shows probable cause for the issuance of the search warrant.

[2] The defendant contends that the defendant's living rooms on the second floor were his private residence, and could not be searched under the search warrant, because there was no statement of a sale *therein* in the affidavit, and that the search must be limited to the rooms on the lower floor. It is true that a private dwelling, within the definition contained in the statute, cannot be searched, except upon a search warrant, based upon affidavit showing a sale of intoxicating liquor in the private dwelling. But that has no application to the defendant's rooms on the second story in this building. They were not a private dwelling under the statute. Section 25 of title 2 of the National Prohibition Law (Comp. St. Ann. Supp. 1923, § 10138½m) says:

"No search warrant shall issue to search any private dwelling occupied as such unless it is being used for the unlawful sale of intoxicating liquor, or unless it is in part used for some business purpose such as a store, shop, saloon, restaurant, hotel, or boarding house."

Admittedly this building was used in part for a business purpose, namely, the keeping of a saloon. It is so charged in the affidavit of Conway, on which the search warrant was issued, and was not disputed either on the previous motion or on the trial. True, section 25 further provides that a private dwelling includes a "room or rooms used and occupied not transiently but solely as a residence in an apartment house, hotel, or boarding house." Manifestly this building was not an apartment house, hotel, or boarding house, and no contention to that effect has been made by the defendant.

It is apparent from the evidence in this case that the defendant keeps his supply of liquors upstairs in his living rooms and makes the sales downstairs in the saloon. A search of the saloon revealed nothing, as nothing intoxicating is kept therein. If it were necessary to show a sale upstairs in defendant's living rooms, in order to search these rooms, they never could be searched, because no sales are made there. The Prohibition Law would be difficult to enforce against saloon keepers, if they could keep their liquors in their living rooms on the second floor, sell them for immediate consumption on the first floor, and be immune from search and seizure on the second floor. It was undoubtedly to provide for just such a situation as exists here that the statute contained the provision, under section 25, that a private dwelling could not be searched unless used for unlawful sale, *"or unless it is in part used for some business purpose such as * * * saloon. * * *"*

In support of his contention that before defendant's living rooms, over the barroom, could be searched under a search warrant, there must be a showing of a sale in these rooms themselves, the defendant cites these cases: U. S. v. Sievers (D. C.) 292 Fed. 394; Pressley

v. U. S. (C. C. A.) 289 Fed. 477; Singleton v. U. S. (C. C. A.) 290 Fed. 130; U. S. v. Boasberg (D. C.) 283 Fed. 305. In the Sievers Case the rooms occupied by the defendant as his private dwelling were in a hotel. In the Pressley Case the search warrant was directed to the search of a certain shoe shop, without suggesting that there was anything else in the building, or any other part of the building to be searched. The liquors were found not in the shoe shop, but in some other part, not named in the search warrant. In the Singleton Case the premises searched were used exclusively as a private dwelling, and no business of any kind was conducted therein, and the affidavit did not show a sale anywhere. In the Boasberg Case the premises search-ed were not the roadhouse described in the search warrant, but a cottage 50 yards away, and the affidavit did not show a sale. None of these cases, therefore, has any analogy to the case at bar.

[3] The defendant further contends that the premises searched were not the premises described in the search warrant, but were rath-er other premises, because the number 720 was over the street en-trance to the hall leading to the second floor, where the rooms searched were. In the search warrant the premises were designated as 718 Albany street, and further specification given covering the entire prem-ises on both floors, except possibly the lower hall. There could be no mistake in identity of place. There could be no rooms over the saloon 718 Albany street, other than those described and searched.

There is no statutory requirement that a street number of a place shall be given. All that is necessary is such description as identifies the premises to be searched. Had the search warrant directed the search of the premises on the southwest corner of Albany street and Summit avenue, consisting of saloon, rooms in the rear, and the rooms overhead, it would have been a valid and unmistakable description, without the use of any street numbers. Even had the description read "saloon corner of Albany street and Summit avenue, consisting," etc., without any street number, it would have been sufficient, as there is but one saloon on the corner of Albany street and Summit avenue. Had there been no street number 720 over the door leading from the street into the hall of the premises in question, no question would have arisen, and the description given in the search warrant would have accurately and fully described the premises to be searched.

The mere fact that the number 720 was over the hall door leading from the street to the hall changes nothing, and brings no doubt or uncertainty as to the premises described in the search warrant. Cases where the description is so vague and indefinite that the premises to be searched cannot be definitely located, or where there are two loca-tions containing the same street number, or where there are other mis-descriptions of the premises, have no application here. Here there can be no mistake as to the premises intended to be searched. U. S. v. Borkowski (D. C.) 268 Fed. 408.

[4] Defendant further contends that, because he was acquitted by the jury of the charge of sale on September 17, 1923, set forth in the affidavit on which the search warrant was issued, such sale must be deemed not to have taken place, and therefore there was no probable

cause for the issuance of the search warrant, and the latter must fall, and with it all evidence seized thereunder.

This contention is untenable for these reasons, among others: (a) The criminal charge of sale on September 17th, constituting the first count of the information, was based on a sale of beer only, and not of both beer and wine, as stated in the affidavit. Even if the sale of beer was eliminated, the sale of wine alone would be sufficient probable cause. The defendant was not charged with nor acquitted of the sale of wine. (b) The search warrant must stand or fall on the sufficiency of the affidavits and complaints before the commissioner at the time he issues the search warrant. An invalid search warrant cannot be validated by discovery on its execution of evidence of violations, or of other evidence not set forth in the affidavits. Nor can a valid search warrant be invalidated by failure of a jury to convict on prosecution of the sale set forth in the papers before the commissioner at the time of the issuance of the search warrant. The rule of proof is not the same. The search warrant requires only "probable cause"; conviction requires satisfaction "beyond a reasonable doubt." "Beyond a reasonable doubt" must include "probable cause." But "probable cause" does not include or measure up to satisfaction "beyond a reasonable doubt." They are widely different. "Beyond a reasonable doubt" may be likened to the summit of a high mountain, and "probable cause" to a halfway station on the mountain side. Few may reach the summit, but many may reach the halfway station.

[5] The defendant's final point is that the intoxicating liquors seized were not turned over to the clerk of the court, and that a portion thereof was destroyed immediately upon seizure, but evidence of the seizure of the part destroyed was erroneously received on the trial. The defendant is in error in his claim that the statute requires the seized liquors to be delivered to the clerk of the court. If such is the proper construction of the Espionage Act of June 15, 1917, section 16, title 11, chapter 30 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼p), there is no such requirement in the Prohibition Law. On the contrary, the theory of the Prohibition Law is that the seized property shall remain in the possession and custody of the officer seizing the same.

Section 25 of that law provides that there shall be no property right in liquor illegally possessed, and further provides that the property so seized shall be subject to such disposition as the court may make thereof, and may not be taken from the officer seizing the same upon any writ of replevin or any like process. The Prohibition Law, being later than the Espionage Act, will prevail over that act, where the two acts are inconsistent.

The defendant is in no position to raise on this motion the question that evidence of the seizure of the destroyed liquor was erroneously received, as he made no objection to the evidence on the trial.

No rights of the defendant have been transgressed, and the motion must be denied.