## GIUSTI v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. February 18, 1925.)

No. 4396.

Criminal law ⊜⟳394—Testimony based on illegal search held inadmissible.

A search warrant for the search of a building "operated as a grocery store" gave no authority to search residential rooms above the store, nor was it justified by the fact that, after their unlawful invasion of such rooms, the officers detected the odor of mash, and their testimony based on what they there found was inadmissible over objection.

In Error to the District Court of the United States for the Southern District of Texas; William B. Sheppard, Judge.

Criminal prosecution by the United States against Antonio Giusti. Judgment of conviction, and defendant brings error. Reversed and remanded.

O. S. York, of Galveston, Tex., for plaintiff in error.

H. M. Holden, U. S. Atty., and Edwin R. Warnken, Asst. U. S. Atty., both of Houston, Tex., for defendant in error.

Before WALKER, BRYAN and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. On January 15, 1924, an information in three counts was filed by the United States attorney, charging the plaintiff in error, hereinafter called the defendant, in the first count with unlawfully possessing intoxicating liquor, in the second count with unlawfully possessing property designed for the manufacture of intoxicating liquor, and in the third count with unlawfully manufacturing intoxicating liquor.

The undisputed facts are that one Melton, a prohibition officer, secured a search warrant on his own affidavit to search certain premises in the city of Galveston. The search warrant, without naming any one as the offender or the proprietor, purported to authorize the search of "a certain building located on northeast corner of Twenty-Eighth and Avenue L, city of Galveston, Texas, operated as a grocery store." There was no other description of the building, and it was not stated to be a residence or apartment house.

Melton executed the warrant, together with Cheatam, another prohibition officer. They went to the grocery store described in the search warrant and searched, but did not find any liquor or other unlawful property. They then went through the store into a back room and up a flight of stairs, and after they got in the hall they smelled mash. They then went into a room and found six 50-gallon stills, some 1,850 gallons of mash, and 13 gallons of whisky. They destroyed the stills and mash and took possession of the whisky. They did not know who operated the grocery store, but it was not the defendant. There were two apartments upstairs, in one of which the owner of the grocery store lived, and the other apartment, occupied by the defendant, in which the stills, mash, and whisky were found. There was no one in this apartment when the search was made, but the defendant appeared on the scene shortly thereafter and was arrested. The only testimony on the trial was that of the two prohibition officers.

A motion to quash the search warrant was overruled. In the view we take of the case, it is unnecessary to discuss the technical objections made to the search warrant. The law applicable to search warrants in prohibition cases has been considered by the courts so frequently that it is unnecessary to enter into a discussion of the underlying principles. This case is ruled and controlled by the decision in Pressley v. United States (C. C. A.) 289 F. 477. Giving the warrant full effect, it did not authorize the search of separate and distinct premises, although in the same building, as it covered the grocery store and nothing else. When the officers invaded the upper part of the building, they did so unlawfully, and there was no justification to make further search, because they then discovered the odor of mash. The evidence of the officers was objected to, and the objection was overruled. At the close of the case a motion was made for a directed verdict, and this was also denied.

The objection to the evidence should have been sustained. On a full disclosure of the circumstances, the motion for a directed verdict should have been granted. Because of these errors, the judgment of the District Court is reversed, and the case remanded, with instructions to grant a new trial.

Reversed.