## LINDSLY v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. April 17, 1926.)

No. 4641.

Criminal law &wkey;394—Searches and seizures &wkey;7—Search of dwelling house without warrant held in violation of Constitution and statute, and evidence obtained inadmissible (Act Nov. 23, 1921, § 6 [Comp. St. Supp. 1925, § 10184a]).

Search by prohibtion agents of defendant's private dwelling without a warrant, and after refusal of permission by defendant's wife, was in violation of defendant's constitutional rights, and also a crime under Act Nov. 23, 1921, § 6 (Comp. St. Supp. 1925, § 10184a), and evidence so secured was inadmissible against defendant.

In Error to the District Court of the United States for the Eastern District of Louisiana; Charlton R. Beattie, Judge.

Criminal prosecution by the United States against Walter Lindsly. Judgment of conviction, and defendant brings error. Reversed and remanded.

For opinion below, see 7 F.(2d) 247.

Girault Farrar, of New Orleans, La. (Edwin I. Mahoney and Edwin C. Hollins, both of New Orleans, La., on the brief), for plaintiff in error.

Wayne G. Borah, U. S. Atty., and Arthur A. de la Houssaye, and T. M. Logan Bruns, Asst. U. S. Attys., all of New Orleans, La.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an information in three counts against Walter Lindsly. The first count charges the manufacture, the second count the possession, and the third count the possession of apparatus designed for the manufacture, of intoxicating liquor, all in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.).

Several prohibition officers went to defendant's home during his absence and re-quested of his wife permission to make a search. They had no search warrant, and on that account the request was refused; but nevertheless the officers proceeded to make a search and found a large quantity of wine and a wine press. Over defendant's objection and exception, evidence of what was found was admitted, and upon it the government principally relied for conviction. 7 F.(2d) 247. There was also evidence to the effect that, before the officers entered defendant's house, some one else, whose identity was not established, poured out large quantities of wine, some of which ran into the street, and made his escape. The officers did not discover defendant in the commission of any crime, nor did they go to his home for the purpose of making an arrest.

Section 25 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½m) provides that no search warrant shall issue to search any private dwelling, unless it is being used for the unlawful sale of liquor, or in part for some business purpose, and section 6 of the Act of November 23, 1921, 42 Stat. 223 (Comp. St. Supp. 1925, § 10184a), makes it an offense for a prohibition officer to search a private dwelling without a search warrant. In Pressley v. United States, 289 F. 477, this court held that the search of a private dwelling under a warrant which failed to charge an unlawful sale was unauthorized, and that evidence procured by such a search was inadmissible. And our ruling in Voorhies v. United States, 299 F. 275, is to the same effect.

Here no warrant was procured, and no attempt was made to comply with section 25 of the Prohibition Act. Cases holding that a search may be made without a warrant by consent are not in point, as in this instance it is undisputed that consent was refused. It is suggested by the government that the officers were made aware of violations of the law by seeing and smelling the wine which had been poured out on the premises, and that therefore it was proper to receive the evidence. But it remains true that the officers did not acquire information which tended to show that a violation of the law had been committed as an incident to a lawful arrest, and we are of opinion that the evidence should have been rejected upon the authority of Agnello v. United States, 269 U. S. 20, 46 S. Ct. 4, 70 L. Ed. ——, where it was plainly held that "the search of a private dwelling without a warrant is in itself unreasonable and abhorrent to our laws," and that, "save in certain cases as incident to ar-

rest, there is no sanction in the decisions of the courts, federal or state, for the search of a private dwelling house without a warrant. * * * Belief, however well founded, that an article sought is concealed in a dwelling house, furnishes no justification for a search of that place without a warrant."

That case was decided since the trial of this case, and in our opinion compels the reversal of the judgment of the District Court.

Accordingly the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.